OFFICE OF THE CLERK

# UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA J. BRATTON DAVIS
UNITED STATES BANKRUPTCY COURTHOUSE

1100 LAUREL STREET
COLUMBIA, SOUTH CAROLINA 29201-2423
TELEPHONE (803)765-5436   www.scb.uscourts.gov

DATE:      October 15, 2024

TO:

U.S. Bank National Association As Legal Title Trustee for RMTP Trust, Series 2021 BKM-
TT-V PO Box 619096 Dallas Texas 75261-9741 PO Pox 619094 Dallas TX
75261-9741

Meredith L. Coker, Esq. McMichael Taylor Gray, LLC 3550 Engineering Drive, Suite
260 Peachtree Corner, GA 30092

Rushmore Servicing PO Box 619097 Dallas, TX 75261-9741

The Law Office of Michelle R. Ghidotti Michelle Ghidotti-Gonsalves, Esq. 1920 Old
Tusin Rd., Santa Ana, CA 92705

Rushmore Loan Management Services, LLC 15480 Laguna Canyon Rd., Suite 100
Irvine, CA 92618

Brian Campbell, Esq. Anne Marie Throne, Esq. McMichael Taylor Gray, LLC 3550
Engineering Drive, Suite 260 Peachtree Corners, GA 30092

PHH Mortgage Services 1 Mortgage Way Mt. Laurel, NJ 08054

Jason Wyman, Esq. Womble Bond Dickson, LLP 550 South Main Street, Suite 400
Greenville, SC 29601

Gentry Collins, Esq. Travis Menk, Esq Brock & Scott, PLLC 8757 Red Oak Boulevard,
Suite 150 Charlotte, NC 28217

Ocwen Loan Servicing, LLC 1661 Worthington Rd., Suite 100 West Palm Beach, FL
33409

James M. Wyman PO Box 997 Mount Pleasant SC 29465-0997

RE:        Gertrude Coretta Fennell Hamilton, 18-04955-EG

Pursuant to Federal Rule of Bankruptcy Procedure 8003, this letter is to notify you that a notice of appeal in the above-referenced case was filed in this Court on October 14, 2024. A copy of that notice along with a copy of the judgment, order, or decree of this Court which has been appealed is included with this letter. In deciding what action to take in response to this appeal, it may be helpful to review Part VIII of the Federal Rules of Bankruptcy Procedure, which governs the procedure on an appeal from a judgment, order, or decree of a bankruptcy court.

Federal Rule of Bankruptcy Procedure 8009 sets forth the procedure and deadlines for designating the record on appeal. If you need to order transcripts, a Transcript Order Form AO435 is available through the Court's website, www.scb.uscourts.gov.

The record on appeal will be transmitted from this office to the Clerk of Court for the United States District Court for the District of South Carolina, upon completion, pursuant to Federal Rule of Bankruptcy Procedure 8010. Parties to the appeal will receive notice once the record on appeal is received by the District Court. Typically, an appeal and the associated record on appeal are transmitted to the District Court within thirty (30) days from the final designation of the record on appeal and the receipt of any requested transcript.[1]

---

[1] Transmittal may be delayed in certain instances beyond the control of the Court, such as where designations are voluminous or require the retrieval of archived documents.

At the request of the Clerk of Court for the United States District Court for the District of South Carolina, parties to this appeal are hereby advised that any designation of the record must contain a statement as to whether or not there is, or ever has been, an appeal to the District Court in any related case or adversary proceeding.

Lauren T Maxwell, Clerk of Court
United States Bankruptcy Court

BY:__/S/ D. Woods_____
    D. Woods, Deputy Clerk

Enclosures

cc: Gertrude Coretta Fennell Hamilton
    United States Trustee

Filed By The Court

10/14/2024 11:50AM

U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

# UNITED STATES BANKRUPTCY COURT

## FOR DISTRICT OF SOUTH CAROLINA CHARLESTON DIVISION

In re,

Gertrude Coretta Fennell Hamilton

Debtor,

Plaintiff/Appellant/ Petitioner

U.S. Bank National Association as Legal Title Trustee for RMTP Trust, Series 2021 BKM-TT-V, by and through its (Servicer's): Rushmore Loan Management Services; PHH Mortgage Services; OCWEN Loan Servicing, LLC; and Rushmore Servicing; and Attorney's: Brian Campbell; Gentry Collins; Anne Marie Throne; Travis Emil Menk

Creditor,
Defendant /Appellee

C/A No. **18-04955**-EG

Adv. Pro. No.:

Chapter 13

**NOTICE of Appeals:** Order denying Motion for Relief from Automatic Stay and Closing Case & Order denying request to recuse and all other relief requested that's denied, including new evidence provided.

## NOTICE OF APPEAL

### THIS IS AN ISSUE OF PUBLIC IMPORTANCE AND QUESTION OF LAW

Gertrude Coretta Fennell Hamilton - Plaintiff in the above-captioned and Appellant/Petitioner herein, appeal ORDER **Doc. No. 264 filed 09/30/2024** closing this chapter 13 (Note error: Docket show's closed: 09/10/24). Creditor Broomer (Claim No. 18) objection was Doc. No. 259 filed 09/19/24. Debtor's OBJECTION TO ORDER DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY AND CLOSING CASE was Doc. No. 262 filed 09/23/24. "*Debtor's Motion for Reconsideration is denied, including her request for recusal.*" Because this ORDER Doc. No. 264 filed 09/30/2024 is now a **final order** and appealable, against Debtor's request for judge to consider recusal and not close the case until the Appeal process is exhausted,

1

Debtor is now timely appealing on final closing ORDER 28 U.S.C. § 1291 to the District Court and providing copy to Fourth Circuit Court of Appeals, because of open appeals: 24-1153 and 24-1222 requesting Summary Judgment.

### *The questions*:

1. Whether this court has the jurisdiction to close the case that would bar jurisdiction to the Fourth Circuit Court of Appeals on two appeals 24-1153 and 24-1222 that were timely filed on appeal.

2. Whether core (Article III cases) or non-core applies in this case involving State and "FCA" violations allow jurisdiction to close this case.

3. Whether recusal is appropriate because of bias behavior and connections with Skadden App's law firm conflict of interest because of the "Fraud on the Court" that took place with rigged documents in the bankruptcy court.

4. Whether Doc's without notification to Debtor of fees being added to the Debtor's debt without any notification violates the Automatic Stay.  No assigned docket numbers on the docket sheet in this Chapter 13 Bankruptcy for accountability of (11 pages) filed in claim 5 on 05/24/23 during the STAY.

5. Whether Constitutional discrimination against Debtor took place with this Order hiding inside misconduct of **Fraud upon the Court.**

6. **Whether Honorable Judge Gasparini erred: " IT IS FURTHER ORDERED** that upon entry of this Order. the Clerk's Office is directed to close the case. The closing of the case shall not impact Debtor's ability to appeal any order of the Court as allowed under the applicable rules. AND IT IS SO ORDERED."

### JURISDICTION STATEMENT

Appeals to the District Court from the Bankruptcy Court on a final order 28 U.S.C. 158(b)(1), (5).

Pursuant to 28 U.S.C. § 1334(b), the district courts have original but not exclusive jurisdiction of

all civil proceedings arising under, or arising in, or related to cases under the Bankruptcy Code.

*See* In re Adelphia Communications Corp., 361 BR 337 - Dist. Court, SD New York 2007- "A

showing of probable irreparable harm is the principal prerequisite for the issuance of a [**Rule**

**8007**] **stay**. Irreparable harm to this Debtor will happen if the case is closed denying jurisdiction

to constitutional rights during the appeal process; stop this manifest injustice. *See Law v. Siegel,*

571 US 415 – Supreme Court 2014 —held that a **bankruptcy** court may not use its equitable

powers under 11 USC § 105 to contravene express provisions of the **Bankruptcy** Code. - in In re

Nichols, 2021. Bankruptcy Rule 8007 applies to stays pending appeal; however, **§157 (b)(5)** is not

jurisdictional here. **Article III** protects liberty not only through its role in implementing the

separation of powers, but also by specifying the defining characteristics of Article III judges to

protect the integrity of judicial decision making.  Although this judge had statutory authority to

enter a final judgment to close this Chapter 13, Debtor express disagreement and questions, the

judges constitutional authority that may prevent the Fourth Circuit Court of Appeals from

considering the Appeals. *See Chafin v. Chafin, 568 U.S. 165 133 S. Ct. 1017 (2013):* **"Article**

**III** of the Constitution restricts the power of federal courts to `Cases' and `Controversies.

'Accordingly, `[t] o invoke the **jurisdiction** of a federal court, a litigant must have suffered, or be

threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable

judicial decision.'" - in Street v. Rodriguez, 2014 (citation omitted). Reference to 28 U. S. C. §

1291 without jurisdiction Debtor cannot proceed at all **in** any appeal. However, the Fourth Circuit

Court of Appeals has cautioned that courts must look beyond the statutory text of 28 USC § 157

(b)(2) in order to determine whether a bankruptcy proceeding is **core** or **non-core**.  - in IN RE

PATRIOT COAL CORPORATION, 2016 (citation omitted). Revenge and discrimination appear to be **non-core** here. Closing the Chapter 13 prevents the appeals from being decided on the merits; this act intentionally is creating a miscarriage to justice. *See* MAINE COMM. HEALTH v. US MOD. HEALTH PLAN, INC., 140 S.Ct. 1308 (2020): "… by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow **jurisdiction** over claims against the United States (1) founded on an express or implied contract with the United States,(2) seeking a refund from a prior payment made to the government, or (3) based on federal **constitutional**, **statutory**, or regulatory **law** mandating compensation by … in Lofton v. United States, 2021 … by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow **jurisdiction** over claims against the United States (1) founded on an express or implied contract with the United States,(2) seeking a refund from a prior payment made to the government, or (3) based on federal **constitutional**, **statutory**, or regulatory **law** mandating compensation by … in Lofton v. United States, 2021 " A **bankruptcy court's** jurisdiction "like that of other federal **courts**, is grounded in, and limited by, statute."

## STATEMENT OF ISSUES

This court barred Debtor's Constitutional Rights to appeal on the merits of the case with halting jurisdiction. THIS IS AN ISSUE OF PUBLIC IMPORTANCE AND QUESTION OF LAW. Fraud on the Court by the court is very dangerous and preventive action is as important as corrective action to the RULE OF LAW.

## STANDARD OF REVIEW

The Court determines whether a creditor's interest in the property is adequately protected on a case-by-case basis. - in IN RE WRIGHT, 2024. (citations omitted). "On appeal from the United States Bankruptcy Court, this Court acts as an appellate court and reviews the Bankruptcy Court's

findings of fact for clear error and conclusions of law de novo." - in <u>Costley v. Herr, 2024.</u> (citation omitted).

## STATEMENT OF THE CASE AND STATEMENT OF FACTS

<u>Debtor is praying for Dismissal Order to be vacated, leave the case OPEN and the Trustee and STAY reinstated.</u>  Pursuant to Rule 59(e), "the Fourth Circuit recognizes three grounds to amend an earlier judgment: '(1) to accommodate an intervening change in the controlling law; (2) to account for new evidence not available at trial; or (3) to correct error of law or prevent manifest injustice." 'In re Auto Money North LLC, 649 B.R. 704, 706 (Bankr. D.S.C. 2023) (quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F .3d 396, 403 (4th Cir. 1998)).  Plaintiff's Motion to Reconsider raises the "manifest injustice" ground. As for above options (No. 2) to account for new evidence not available at trial; Doc __ Filed 05/24/23 contained eleven pages not disclosed to Pro Se-Debtor via the Creditor is an intentional failure to disclose. No docket number allowed these charges to not be seen by Debtor until reviewing PACER "Claims Register" history details and viewed <u>details</u> "<u>doc</u> 05/24/2023 Notice of Postpetition Mortgage Fees, Expenses, and Charges (Claim #5)..." This **New Evidence** is at Doc No. 262 Filed 09/23/24 pg. # 6: Form 410S2 at $2,300.00, and pg. #7 entered into the file 05/24/23 confirms Attorney: Anne Marie Throne. Official form 410S2 Notice of postpetition  can be for Doc. No. 262 with fees $2,300.00 on pgs. 21 and 22 of 22. Debtor never received any notification of  these funds with more financial debt added to the mortgage.  Pursuant to Fed. R. Civ. P 59(e), made applicable in bankruptcy proceedings by Bankruptcy Rule 9023, the Objection Motion to Reconsider should be granted to prevent "manifest injustice." *See* <u>Doc. No. 87</u> filed 05/06/2021 prior loss mitigation Mortgage Expedited fees: $1,700.00. Modification payments were paid to PHH Mortgage Services before transferring the servicing again.  Once COVID-19 "Cares Act" Forbearance allowed payments

directly to the loan SERVICER Debtor paid regular monthly mortgage payments to PHH Mortgage Services and continued payments with Rushmore Servicing totaling over two years and four months through October 2024 at 100% on time mortgage payments totaling over $31,000.00, during this chapter 13; monthly payments are being made on this mortgage. Allowing this case to STAY open would not deprive this Creditor of justice, but it deprives this Debtor of justice. An independent evaluation is needed on the facts, let the merits of the material facts determine justice. See Lewis v. Lynn, *236 F.3d 766, 767 (5th Cir. 2001)*. *The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits,"* Dow v. Jones, *232 F.Supp.2d 491, 494 (D.Md. 2002) (*citing United States v. Shaffer Equip. Co., *11 F.3d 450, 453 (4th Cir. 1993)).(citation omitted).* Intentionally preventing justice by **barring jurisdiction** on Constitutional Rights and against South Carolina State laws is "abuse of discretion" and "abuse of authority."

The Subject Property is property of the estate or that the mortgage debt is a claim within the meaning of 11 U.S.C. §§ 1322(b)(2), (b)(5), (c)(2), or 101(5). The Bankruptcy Court has jurisdiction; 28 U.S.C. § 1334(e)(1). Fourth Circuit had a precedent that only the trustee has standing to bring a fraudulent conveyance cause of action until such action has been abandoned. 28 U.S.C. § 1452(b) provides that the court to which a claim or cause of action has been removed "may remand such claim or cause of action on any equitable ground." With two Appeals 24-1153 and 24-1222 in the Fourth Circuit Court of Appeals involving this Chapter 13 the fraudulent cause of action has not been abandoned by this Debtor. *See*, [ECF No. 101 filed 11/08/21 *See* pg. 8] but, email dated Aug 26, 2021 to PHH designated Email: *covidassi…@…*); redacted address (From and To) actual email address. See,[ECF No. 157 @ pg. 22 of 31 ("Exhibit: 10) dated January 13, 2022]: RESPONSE TO YOUR REQUEST FOR COVID-19 ASSISTANCE: *"Based on the current*

6

*status of the account, we require additional information in order to determine what assistance PHH can provide in relation to the COVID-19 hardship.*" Delay, after delay turns into profits for this Creditor, using the Bankruptcy court for protection.

July and August were used over and over to trick and scheme the Court successfully. Doc No. 119 filed 03/25/22 NOTICE OF TEMPORARY FORBEARANCE was submitted while PHH Mortgage Corporation (Servicer") Counsel Gentry Collins and Travis Menk submitted the Servicer's version of Forbearance, not CARES Act Because Appellant made it clear in Doc No. 134 filed 10/24/2022 she did not agree to the falsification and deceptive civil conspiracy that extended the time. Attorney Ann Marie Throne lied in Doc No. 133 to block Appellant from qualifying to refinancing the loan, and appear Appellee's gave more CARES Act benefits than they gave. Appellant had already paid the monthly payments for July, August, September and October 2022 when Attorney/Counsel Ann Marie Throne fraudulently backdated the timeframe in document Doc No. 133 filed 10/14/2022. Debtor/ Appellant objected, and Honorable Judge Gasparini omitted these material facts by failing to mention Appellee's reused July and August, over and over. Delay after delay by Appellee's caused Appellant to receive 93 days instead of 180 or more, but Appellees receiving CARES Act benefits for this Loan. See ORDER Doc No. 115 filed 02/04/22 at pg. 11 third ¶: "*Additionally, on November 30, 2021, Debtor transmitted a letter to advise Creditor that she "would like forbearance coverage over the last 18 months, and my balance re-calculated to reflect the benefits of the CARES Act.*" See Doc No. 115 at pg. 13: "*Debtor stated that she wanted the forbearance to go into effect as of the date of the hearing and to remit payments due on the Mortgage Loan, which would allow her to secure a refinance.*" "*Debtor also argued that 11 U.S.C. § § 501 & 525 required Creditor to provide her with a COVID-19 Forbearance.*" See Doc 115 @ pg. 14: During the hearing, Debtor offered 19 exhibits into evidence

… Finally, three of Debtor's exhibits were entered into evidence without objection by Creditor. See Doc No. 115 @ pg. 17 in second ¶: "*It is further that Debtor followed up and provided Creditor with a written request for COVID-19 Forbearance on November 30, 2021. Debtor's financial hardship and inability to pay appear sufficiently caused, directly or indirectly, by COVID-19 because COVID-19 prevented Debtor's son from securing employment to earn funds to pay Debtor rents and assist her with funding her Chapter 13 reorganization.*" Please note the above quotation with Appellants request on November 30, 2021. Whereas, from November 30, 2021, to Doc No. 124 filed 07/17/22 starting a CARES Act Forbearance June 1, 2022, took over seven months; deliberately to oppress Appellant and add more fees for Appellee's profits from the Loan. Forbearance notices Doc No. 119 and Doc No. 124 was submitted by Gentry Collins and Travis Menk representing PHH Mortgage Corporation (SERVICER") and they were involved in the CONSPIRACY. CARES Act forbearance provisions set forth in 15 U.S.C. § 9056(b); also relates to transfer fees during COVID-19 CARES Act 11 U.S.C. §§501 & 525 laws on National Forbearance with unnecessary Hearings and unjust attorney fees made by the Creditor's attorneys of this mortgage loan during the automatic STAY. Allowing this violation of the automatic stay of 11 U.S.C. § 362; stacking the debt during the STAY is closing one's eyes to an <u>error of law</u>.

U.S. Bank National Association's ("Creditor") failed to validate the accuracy of its debt in violation of the Fair Debt Collection Practices Act and this Creditor's attorneys intentionally filed false forbearance notices. See evidence in Doc. No's. 119; 124; 128; 133; 134; and 141. Plus, other fees were added during the STAY. S.C. Code Ann. § 37-5-302 provides for criminal penalties for a person who willfully and knowingly gives false or inaccurate information or fails to provide information which is required to be disclosed under the Federal Truth in Lending Act invoked 11

U.S.C. §362(k)(1) for actual damages.  Don't allow these white-collar attorneys to be above the law with closing this Chapter 13; this case was not fully administrated and should remain open.

**New evidence (provided to the court)** was only discovered days before objection, because disclosure was not provided, but was found in the PACER and included in OBJECTION TO ORDER FOR CLOSING THIS CASE: Doc. No. **262** filed **09/23/24** with **22** pgs. *See* evidence in (EXHIBIT A) Pgs. 9 of 22 -thru-13 of 22. This evidence was never disclosed to Pro Se Debtor by the Creditor nor the court. Debtor provided to the Bankruptcy Court, but the court omitted or ignored the material facts in the final Order. Please notice the Header Section of Doc. No. 262 filed 09/23/24 the PACER identification with sloppy redacted style double printing to hide the numbers appear to be intentional. Plus *see* Doc. No. 259 filed 09/19/24 from another Creditor (Thelma L. Broomer "Claim No. 18) the attorneys unjust enrichment in the STAY (fraudulent acts) took funds previously allocated in the confirmation plan 13 case away from Creditor Broomer. These details of evidence were provided as an illustration (EXHIBITS A and B) of Doc. No.262 of continuous fraud of thousands of dollars of added debt to this estate during the STAY and COVID-19 Cares Act Forbearance. See ORDER Doc. No. 115 filed 02/04/2022 by the Honorable Judge John E. Waites for law requirements on "Cares Act" Forbearance details. *See* Doc. No. **262** Filed 09/23/24 pgs. 21 and 22 of 22. The "Doc" Filed 05/24/23 (didn't have a "Doc" number) assigned and the page header identification continues the deceptive double printing distorting the traceability to bar the accountability of the redacted unnecessary litigation cost that took place during the STAY to heighten profits for the Creditor. This type *unjust enrichment* for attorneys with added fees, should not be part of the Chapter 13; Mortgage Property of Estate adding fees to the mortgage Principal Balance before the case closed, again this is stagging the case for foreclosure profits. Plus, the Creditor still had a disclosure obligations under § 329(a) and Fed. R. Bankr. P. 2016(b)." All

litigation should have been Stayed until the 4th Circuit issued an OPINION on Case No.: 24-1153 or two opinions. Being charged thousands of dollars for U.S. Bank National Association's ("Creditor") to heighten their profits, and their attorneys get unjust enrichment by adding transfer fees (from loan servicing-to-loan servicing) to the homestead property of the Chapter 13 Estate during a STAY is a **concrete interest** in the Appeals. Stake in the ultimate disposition of these Appeals to make the case become MOOT. To endure discrimination of COVID-19 Cares Act benefits being denied over and over, withheld benefits, charged fees, etc.; by the mortgage Creditor is a serious tortiously interfered constitutional violation of this Debtors rights. Please hear Audio Recording of Hearing Doc. No. 159 filed 2/2/2023. *See* Clerical mistakes Doc. No. 168 filed 03/9/2023 and Doc. No. 178 filed 03/24/2023. Please *See* Doc. No. 135 concerning the forbearance plans and Doc. No. 201 filed 11/29/2023; continued violations of Automatic STAY.

Meanwhile, from overseeing too many Hearings and personal review of documents (evidence under advisement) throughout this Chapter 13 and Moot Order (Doc. No. 137 filed 11/03/22) against Debtor proves 28 U.S.C. §455 circumstances for recusal. The flow charts for Mark IV Industries ("Mark IV") Chapter 11 are in Doc. No. 262 pg. 15 of 22, summarizing facts from a "lost time accident," Debtor's on the job accident that her employer never reported to Occupational Safety and Health Administration ("OSHA") Fraud (*Dayco Products*) took place to hide "Fraud on the Court". Skadden App's happen to be the law firm that handled or represented Mark IV's Chapter 11 Case No. 09-12795-SMB (2009) in the SDNY and Honorable Judge Elisabetta GM Gasparini worked for *Skadden App's* in 2009. Closing this Chapter 13 allows this judge to hide her inappropriate actions, mistakes, abuse of discretion, and or bias MOOT decisions. This case is being closed to bar the 4th Circuit Court of Appeals from seeing the terrible facts of this case procedural history. Courts allow too much authority to be at the judge's discretion without

auditing the processes randomly; this behavior is supporting this "abuse of discretion." The Creditor abused the bankruptcy process during the STAY multiple times under the discretion of this new judge, trained by the same law firm, closing the Chapter 13 prevents the appeals from being decided on the merits. See Doc. No's. 119, 120, 133 and Doc. No. 141: falsifying documents with distorting the PACER identification header record using printer tricks. Debtor/Appellant did not agree to an extension and objected timely in Doc. No. 134.  See Doc. No. 121 filed 04/11/22 in 2nd ¶ : "*Nevertheless, the Court understands that Debtor has reserved her right to challenge Creditor's calculation of the post-petition payment due at the conclusion of the forbearance period.*" The court allowed the Creditor to use (PHH Mortgage Servicer) forbearance plan instead of the National Cares Act Forbearance Plan, more fees, interest, and transfer cost were being added to the loan's principal balance. *See*  In re Apex Exp. Corp., 190 F. 3d 624 – Court of Appeals, 4th Cir. (1999): "If the proceeding is a **core** proceeding, the district court [] review [s] the bankruptcy court's factual determinations for clear error and its legal conclusions de novo." – in EDUCATIONAL CREDIT MANAGEMENT CORPORATION v. Pulley, 2015 (citation omitted). The Appeals don't stem from misconduct just within the bankruptcy itself. The mortgage fraudulent acts (violations 18 U.S.C. §1344 and 18 U.S.C. §371) started years before this Chapter 13 bankruptcy on this FHA loan 15 U.S.C. §9056(a)(2). Whereas, the State FRAUD in South Carolina started with transferring or buying the mortgage from the original loan Holder SIDUS Financial, LLC, without any say or agreement from Debtor/Appellant. This Creditor intentionally obtaining loans with Private Mortgage Insurance ("PMI") and switching mortgage holders to stage for foreclosure profits. Staging Forbearance False claims to our government for banks to obtain mortgage profits during COVID-19 Cares Act benefits is a violation of the "FCA" 31 U.S.C. §§ 3729-3733 and should be addressed as discrimination. This Debtors' original loan was with SIDUS

Financial, LLC in **2008** and they sold the loan to Ocwen Financial Corp., who sold again, or moved the loan over to Ocwen Loan Servicing, LLC. Yes, more transfers took place during the STAY in this Chapter 13, from Ocwen to PHH Mortgage Corporation to Rushmore Servicing; not sure when *U.S. Bank National Association* became the Creditor. However, the mortgage loan fraudulent conspiracy (42 U.S.C. §1981) of adding transfer fees to heighten the debt and ensure more profits started before bankruptcy, and the 4th Circuit needs to also review on the merits of the material facts prior to chapter 13 to understand the full (42 U.S.C. §1983) discrimination. These fraudulent acts of corporate agents from other states are still acts of the corporation itself, and corporate employees/attorneys cannot illegally conspire with each other or with the mortgage corporation under their control to defraud a creditor using a bankruptcy fraud scheme.

*See Brookshire Bros. Holding, Inc. v. Dayco Products,* 554 F. 3d 595 – Court of Appeals, 5th Cir. (2009): "Our case law is clear that when a district court declines to exercise **jurisdiction** over remaining state law claims following the dismissal of all federal-law claims and remands a suit after investing a significant amount of judicial resources in the litigation...., that court has abused its discretion " - in Cosby v. VICKSBURG HEALTHCARE, LLC, 2013.(citation omitted). Notably, the court has consistently held that declining supplemental **jurisdiction** following a significant investment of judicial resources in the litigation constitutes an abuse of discretion. - in DeGRUY v. Wade, 2013. This judge knew closing the case would bar jurisdiction and having to go through her to reopen the case would take an act from congress or from GOD. Closing now during appeals if not a clear error, closing is becoming discrimination by the court against Debtor. *See*: Pursuant to 28 U.S.C. § 1447(d), this court cannot review a remand order based on a district court's lack of subject matter jurisdiction. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Section 1441(a)'s limitations on removal are jurisdictional in nature. *See*

*Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333-34 (4th Cir. 2008). Thus, we conclude that the district court's dismissal was based on a defect in subject matter jurisdiction, thereby precluding us from considering this appeal. Staging preclusion is abuse of process, because the judge is aware of the facts (*see* the docket: Doc. No. 230 and 235) and Appeals 24-1153 and 24-1222 being in the Fourth Circuit Court of Appeals.

Those prior conclusions referenced in ORDER Doc. No. 264 pg. 2 is for after an estate is fully administered, not only preclude relitigating these issues but, given the pending appeal in the Fourth Circuit Court of Appeals, the Court also is divested of jurisdiction to hear these particular issues. Order Doc. No. 264 @ pg. 3: "*Debtor has not provided new evidence... reconsider that prior ruling.*" Now see, Doc. No. 262 filed 09/23/24 Exhibit pgs. 10 and 11of 22; Official form 410S2 at pgs. 21 and 22 this was new evidence. *See* Doc. No. 264 at pg. 4: "*Since these matters remain on appeal, this Court lacks jurisdiction to decide these claims.*" Closing the case was intentional to bar justice with not having jurisdiction. *See Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 263 (4th Cir. 2011) ("As a general rule, the filing of an appeal 'confers jurisdiction on the [appellate court] and divests the [lower] court of its control over those aspects of the case involved in the appeal.'" (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L.Ed.2d 225 (1982))). This Order gives the Creditor relief from the STAY (white-collar style) by closing the case and releasing the Trustee; this job is not done. *See* Doc. No. 257 filed 09/10/2024 and Doc. No. 259 and 260. Please listen to the Hearing held 09/04/2024 Doc. No. 253 the judge acknowledged after viewing evidence in the hearing: documents from Doc. No. 252 filed 08/20/2024; the Creditor had adequate protection on this mortgage, because of the equity in the homestead. *See R&J CONTRACTOR SERVICES, LLC v. Vancamp*, 652 B.R. 237 (D. Md. 2023). Please review other bankruptcy cases for heighten fees during the automatic STAY, people are

becoming homeless from illegal greed on mortgages pushed into foreclosure by creditors stealing equity. Mortgage Schemes like this is terrible for many other people: **THIS IS AN ISSUE OF PUBLIC IMPORTANCE AND QUESTION OF LAW.**

The closure order is retaliation against Debtor by handing the property to the mortgage creditor for foreclosure profits (during Appeals with material facts on the Estate Property of the case in dispute) under **South Carolina's** laws on (breach of trust §16-13-230); (civil conspiracy §16-5-10); fraud; and Federal Conspiracy; Fraud On the Court; and violations to COVID-19 Cares Act Forbearance (FCA); etc... The Creditor breach of the CARES Act Forbearance contract, and unfair and deceptive credit reporting must be reviewed on appeal for justice. Closing the Chapter 13 especially after issuing a **dismissal** instead of a **discharge** of Debtor's Chapter 13 after 100% TFS-bill pay on time payments for five years is an injustice. See Doc. No. 234 Filed 02/08/24 CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT. *See* Doc No. **227** filed 01/19/24 ORDER OF NO DISCHARGE; please see why **all** claims are dismissed. Debtor experienced the revenge from this judge of "Drink the Kool-Aid" Pro Se Litigant. Because of **South Carolina's** form SC LBR 3015-5 with justice still pending in proceedings under 11 U.S.C. §522 and other listed waivers to sign off on. Too many issues needed to be resolved with evidence already provided to the court; finality would allow the material facts to show the fraudulent acts of the Creditor. This harsh sanction was an "abuse of authority" because, Debtor did not give up her Constitutional Rights to appeals. This revengeful case closure act is also to hide the courts' multiple MOOT orders (hiding "Fraud on the Court" by attorneys and bankruptcy court administration) by having jurisdiction in question to stop review of the many injustices done by the court. **Yes, an in-side job.** It shall be a Public Policy concern of heighten unjust debt being added to one's mortgage estate property during the Chapter 13 STAY for Creditors profits. Big

14

banks are out of control with illegal mortgage greed fees being hidden by the ones trusted for justice.

See *Cable v. Ivy Tech State College*, 200 F.3d 467 (7th Cir. 1999). ... The trustee has sole authority to dispose of **property**, including managing ... See 11 USC §§ 541(a)(1), 704(1). **Chapter 13**, on the ... same powers as the trustee in other **chapters**); § 1306(b ... "The trustee has sole authority to dispose of property, including managing litigation... only the trustee has standing to prosecute or defend a claim belonging to the estate" - in *Lulay Law Offices v. Rafter, 2017*(citation omitted). *See In re AroChem Corp.,* 176 F. 3d 610 – Court of Appeals, 2nd Circuit 1999: - "A party has an "adverse interest" to the estate if they: "(1)[] possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2)[] possess a predisposition under circumstances that render such a bias against the estate." - in *In re American Intern. Refinery, Inc., 2012* (Citation omitted). Also, "Section **327** (a) authorizes a bankruptcy **trustee** to employ professionals, including attorneys, "who are (i) disinterested persons (ii) that do not hold or represent an interest adverse to the estate." - in *In re Teknek, LLC,* 2008 (citation omitted). *See* Doc No. **262** filed 09/23/24 pgs. 14 & 15 of 22: *See* Charleston SC District Court Case No. 2:07-cv-02782-**PMD** and BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK. See *In re Mark IV Industries, Inc. et al.,* 09-12795-SMB in United States Bankruptcy Court, SDNY (July 2009) at Doc./ECF No. **352**. Hamilton is this Debtor under (In re Mark IV Indus., Inc) Chapter 11 Case No. 09-12795 (SMB) of 2009; a conflict of interest exist and recusal is warranted because of impartiality. Dismissal and closing the case with her knowing of disputed evidentiary facts concerning the proceedings in this Chapter 13 with Judge Elisabetta G. M. Gasparini being employed by the same exclusive law firm (Skadden Arps, Slate,

15

Meagher & Form, LLP) that represented Mark IV Industries Chapter 11 against this Debtor is a "manifest injustice." Whereas with personal knowledge of fraudulent matters, designed to deplete the equity of the Homestead Property of the Estate, <u>this judge does not have jurisdiction to close the case during the two Appeals</u>. Therefore allowing the Chapter 13 to close now intentionally encourages a "manifest of injustice" with the court willfully establishing more jurisdictional injustice's. A STAY is again requested. because of the pending Appeals, a dismissal of the Trustee and dismissal of the bankruptcy <u>affect the Appeals</u> and would be out-of-order and willfully wrong constitutionally, until the appeal process is exhausted with state and federal "cause of action" claims in the appeals. The dismissal should not have been considered an appealable Order, it was not final, with open appeals, Debtor wish to appeal her chapter 13 being dismissed without some discharges. *See* ORDER <u>Doc. No. 264</u> pg. 3, verses Doc. No. 262 at pg. 2: "*1. Case No. 24-1153 (Gertrude Hamilton v. U.S. Bank National Association) was timely filed 03/24/2023 and Case No. 24-1222 was timely filed 03/15/2024 with United States Court of Appeals for the Fourth Circuit involving this Mortgage and Automatic Stay. A lift would be out of order and willfully wrong, until the appeal process is exhausted."* *See* Law v. Siegel, 571 US 415 – Supreme Court 2014: It is hornbook law that § 105 (a) does not allow the **bankruptcy court** to override explicit mandates of other sections of the **Bankruptcy** Code - in <u>IN RE PHILLIPS, 2015</u>. (citation omitted).

*See* <u>*Stern v. Marshall*</u>, 190 F. 3d 624 564 U.S. 462 131 S. Ct. 2594 (2011): "[T]he Supreme Court held that a bankruptcy court 'lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim.'" - in <u>IN RE LOUISIANA SAFETY ASSOCIATION OF TIMBERMAN-SELF INSURED FUND, 2019</u>. (citation omitted This Bankruptcy Court has the authority to enter a final judgment or order under 28 USC § 157 (b)(2)(B) & (E). - in <u>IN RE MacMILLAN, 2019</u>. (citation omitted). **Stern**

held that a Bankruptcy Court could not enter final judgment on some claims otherwise characterized as core. - in IN RE LEHMAN BROTHERS HOLDINGS INC., 2014 (citation omitted). The Supreme Court has held that "core proceedings are those that arise in a bankruptcy case or under Title 11."- in IN RE PINEWOOD BUFFET & GRILL INC., 2013 (citation omitted). —noting that "the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process in IN RE MBM ENTERTAINMENT, LLC, 2015 (citation omitted). In contrast, the Supreme Court held, the debtor's counterclaim in the adversary proceeding for tortious interference required adjudication by an Article III court because it was "a state law action independent of the federal bankruptcy law and not necessarily resolvable by a ruling on the creditor's proof of claim in bankruptcy." - in IN RE STRAUSS COMPANY, INC., 2021(citation omitted). *See* (EXHIBITS A & B) in Doc. No. 262 filed 09/23/24. This judge considered whether the Court of Appeals had jurisdiction to hear Debtor's appeal under 28 U. S. C. § 1291, over appeals from "final decisions", knowing without jurisdiction Debtor cannot proceed at all **in** any cause. This **new evidence** to Debtor apparently was not new evidence to the judge.

## SUMMARY OF ARGUMENT

Therefore, she is the JUDGE and learned from an outstanding team like her formal **employers'** law-firm *Skadden Arp's* with *In re Mark IV Industries, Inc. et al*., 09-12795-SMB (2009) Chapter 11 in the SDNY; close the case and block jurisdiction. Closing this chapter 13 now would be the court causing a "miscarriage to justice." This Bankruptcy judge does not have jurisdiction to close the case during the two Appeals in the Fourth Circuit. What about the State Fraud a blind judge can see the courts intentional act of injustice. Closing the case is willfully

encouraging mortgage fraud.  This case should be transferred  to another part of the State 28 U.S.C.
§157(b)(5) for justice. This judge must be removed from the court system.

## ARGUMENT

The Rule of Law must be honored involving Discrimination and the court's administration taking
away Debtors Constitutional Rights with "Fraud on the Court" to stop this injustice. Fed. R. C. P.
Rule 60(b) relief from closure judgment is appropriate to stop this miscarriage to justice/ "manifest
injustice" by the bankruptcy court. This ORDER can be amended to keep the chapter 13 open,
reinstate the Trustee or appoint another one, the judge should have an ethical review for allowing
or being part of the misconduct of the Chapter 13 process.

## CONCLUSION OF LAW

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure
Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist.
No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993)". "A district court
may properly reconsider its decision if it `(1) is presented with newly discovered evidence, (2)
committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening
change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir.
2013) (*quoting School Dist. No. 1J, Multnomah Cnty., Or.*, 5 F.3d at 1263).

See, *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396 (4th Cir. 1998). - **Rule** 59
(e) "permits a district court to correct its own errors, sparing the parties and the appellate courts
the burden of unnecessary appellate proceedings." - in *Flores v. ETHICON, INC.*, 2014 (citations
omitted). Irreparable harm must be neither remote nor speculative, but actual and imminent." -
in In re Koper, 2016.  SPV has alleged that the appeal could be rendered moot in the absence of
a **stay**; courts have reached different conclusions as to whether such a risk amounts to irreparable

injury, but this Court agrees that the "loss of appellate rights is a 'quintessential form of prejudice' warranting a finding of irreparable harm. " - in IN RE DAEBO INTERNATIONAL SHIPPING CO., LTD., 2016. United Student Aid Funds, Inc. v. Espinosa- 559 US 260, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010): "Federal courts considering Rule 60 (b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only **for** the exceptional case **in** which the court that rendered judgment lacked even an 'arguable basis' **for** jurisdiction. " - in BRITVIC SOFT DRINKS, LTD. v. FIELD SERVICE 400 LLC, 2012.(citation omitted). The "CODESCO Rule" refer to a motion filed pursuant to both Rule 59 (e) and Rule 60(b) should be analyzed only under Rule 59(e ) if it was filed no later than 10 days [or 14 days in the bankruptcy context] after entry of the adverse judgment and seeks to correct that judgment." *Robinson v. Wix Filtration Corp. LLC,* 599 F .3d 403, 412 (4th Cir. 2010). See American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505 (4th Cir. 2003). - "**Law** of the case... does not and cannot limit the power of a court to reconsider an earlier **ruling**. The ultimate responsibility of the **federal** courts, at all levels, is to reach the correct judgment under **law**." - in Atkins v. AT&T MOBILITY SERVICES, LLC, 2020 (citation omitted). The Dismissal/Denying Order should be set aside to prevent an irreparable injury; halt this "Manifest Injustice." RECONSIDERATION OF DISMISSAL request was timely filed. A motion to alter or amend a judgment, as Fed. R. Bankr. P. 9023 requires such motions to be brought no later than 14 days after entry of judgment, and the Motion was filed timely in the bankruptcy court. *See* Fed. R. Civ. P. 60(b)10 provides: On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic),

19

misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment

has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed

or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies

relief. Fed. R. Civ. P. 60(b) that would justify reinstating the case to avoid a <u>manifest injustice</u>.

Specifically, fraudulent transfer debt (switching to multiple loan servicing providers while adding

fees) to the property of the Chapter 13 estate during a STAY.

> **(A)** *<u>The facts necessary to understand the question presented:</u>*  Many violations of the
> "Rule of Law" are intertwined in this Chapter 13, with the court ignoring facts or
> omitting the truth from violating South Carolina's Civil Conspiracy law.  It's time
> for the court to decide whether you are part of the solution are part of the problem.

> **(B)** *<u>The relief sought</u>: 1. Remand, reverse, or void, the judge's request to close this*
> *chapter 13 and void ORDER Doc. No.* **264.** *Require that case remain open with a*
> *stay; STAYED until the appeal process is exhausted.*  2. The mortgage loan balance
> should be reviewed and Creditor required to "show cause" detail proof of the balance
> and when all fees/charges were added to this account.  3. Corrective and preventive
> action must be taken because of the fraudulent acts. 4. Plus, any other compensation
> the court deems appropriate must be awarded this Debtor. 5. Audits or some types of
> check and balance to review and ensure exhibits are documented with accountability.
> 6. The header traceability identification space for docket numbers and filed dates
> must be clearly visible without strikeovers'.  Maybe use the paper right side margins,
> allow the evidence to show the material facts. 7. Timeframes for Pro Se litigants need
> to be adjusted, because standard mailing notices uses up half the 14 days in response
> time.

(C) *The reason why the direct appeal should be allowed, including which circumstance specified in 28 U.S.C. §158(d)(2)(A)(i)-(iii) applies*: THIS IS A PUBLIC CONCERN WHEN THE SYSTEM WE ALL TRUST AND DEPEND UPON IS VIOLATED WITH FRAUD. The illegal tricks [15 U.S.C. §1692] used by privileged white-collar people during bankruptcy and COVID-19 to siphon off unjust funds from vulnerable people (while most are voiceless) must be stopped.

(D) *A copy of the Orders* is included with this filing to Fourth Circuit Court of Appeals requesting Summary Judgment on the appeals.

### DESIGNATING THE RECORD ON APPEAL:

ECF/ Doc No. 87, 88, 89,

ECF/ Doc No. 91, 92, 94, 95, 96, 97, 99,

ECF/ Doc No. 101, 102, 105, 106, 109, 110, 111,

ORDER- ECF/ Doc No. 115

ECF/ Doc No. 119, 120, 121, 124, 128, 129, 132, 133, 134, 135, 137, 141, 143,

ECF/ Doc No. 150, 152, 157, 161, 168, 178, 180, 185, 188, 189, 191, 192, 198, 199

ECF/ Doc No. 201, 202, 204, 208, 209, 210, 210-1, 211, 217, 218, 221, 227, 229, 230, 231, 234, 235, 240, 241, 252, 253, 257, 259, 260, 262, 264, 265, [plus a docket without a number filed 05/24/23 all 11 pages; under Claim #5].

Audio Hearing Doc No. 159 with any transcript from Hearing.

Audio Hearing Doc. No. 253 with any transcript from the Hearing.

Plus, please Submit a COMPLETE copy of the "Docket Sheet" summary for 18-04955-eg to show timeline of multiple unnecessary hearings during the National Emergency COVID-19 CARES Act Forbearance period, that increased profits for attorneys and continued to siphoned equity from the mortgage equity DURING THE AUTOMATIC STAY.

### ORDERS OF PARTITION

1. **ORDER Doc. No. 264 filed 09/30/2024** denying Motion for Relief from Automatic Stay and Closing Case & Order denying request to recuse and all other relief requested that's denied, including new evidence provided.

2. **MOTION TO CONTINUE AUTOMATIC STAY UNTIL THE APPEAL PROCESS IS FINISHED: 11 U.S.C. 362(C)(3) OR (4).**

*Please note 24-1153 & 24-1222 Fourth Circuit Court of Appeals concerning this Chapter 13 case 18-04955-eg.* The Fourth Circuit recognizes Federal Rule of Civil Procedure 59(e) as providing "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." To GOD be the Glory.

Respectfully submitting,

**Filed: October 14, 2024**

**Gertrude C. F. Hamilton –Pro Se**
99 Elmwood Street
Walterboro, SC 29488
843-599-2257 – trudyham1@aol.com

## CERTIFICATE OF SERVICE:

The foregoing were served by listed emails as attorneys for the Creditors: (multiple Servicers/and individuals) and copied the Trustee via Email. The names of all parties to the Order appealed from and listed the names, address, and telephone numbers of their respective attorneys are as follows:

**U.S. Bank National Association as Legal Title Trustee for RMTP Trust, Series 2021 BKM-TT-V, ("Creditor"): PO BOX 619096, DALLAS, TX 75261-9741 & PO BOX 619094, DALLAS TX 75261-9741**

| | |
|---|---|
| Meredith L. Coker | Appearance on Appeal: **24-1153 in 4th Circuit** |
| McMichael Taylor Gray, LLC | 470-947-8309 – 407-745-8121 for fax |
| 3550 Engineering Drive, Suite 260 | mcoker@mtglaw.com |
| Peachtree Corners, GA 30092 | |

------------------------------------------------------------------------

| | |
|---|---|
| - | **The Law Office of Michelle R. Ghidotti** |
| **Rushmore Servicing** | Michelle Ghidotti -Gonsalves– 949-427-2010 |
| PO BOX 619097 | 1920 Old Tustin Rd.. |
| DALLAS, TX 75261-9741 | Santa Ana, CA 92705 |
| | BKNotification@ghidottiberger.com |
| Phone: 877-888-4623 | |
| Last Four Digits of Acct #: 8337 | |

------------------------------------------------------------------------

**Rushmore Loan Management Services LLC**

| | |
|---|---|
| 15480 Laguna Canyon Rd. | (888) 504-7300 / MOD@mortgagefamily.com |
| Suite 100 | www.rushmorelm.com (888) 504-6700 |
| Irvine, CA 92618 | rma@mortgagefamily.com |
| | customercare@mortgagefamily.com |

| | |
|---|---|
| **Brian Campbell** | bcampbell@mtglaw.com |
| **Anne Marie Throne SCBN 13573** | athrone@mtglaw.com |
|     MCMICHAEL TAYLOR GRAY, LLC | Facsimile: 404-745-8121 |
| 3550 Engineering Drive, Suite 260 | MTG File No.:22-002283-01 |
| Peachtree Corners, GA 30092 | Telephone: 404-474-7149 |

------------------------------------------------------------------------

| | |
|---|---|
| **PHH Mortgage Services** | Tel: 1-877-744-2506 |
| 1Mortgage Way | Fax: 1-856-917-8300 |
| Mt. Laurel NJ 08054 | CustomerCare@mortgagefamily.com |
| | RelationshipManager@mortgagefamily.com |

| | |
|---|---|
| Attorney for Creditor / PHH Mortgage: | jason.wyman@wbd-us.com |
| | Womble Bond Dickinson (US) LLP |
| (864) 255-5421 | 550 South Main Street, Suite 400 |

23

Greenville, SC 29601

Gentry Collins, SC Fed. Dist. No 13219 from:
Travis Menk, SC Fed. Dist. No. 10686
BROCK & SCOTT, PLLC
8757 Red Oak Boulevard, Suite 150
Charlotte, NC 28217

**gcollins@bwpf-law.com** (Note: Email changed

gentry.collins@brockandscott.com)
Facsimile: (704) 369-0760 Phone: 704)643-0290
E-Mail: SCBKR@brockandscott.com
travis.menk@brockandscott.com

--------------------------------------------------------------------

**Ocwen Loan Servicing, LLC**
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409

1-800-74-OCWEN & 561-682-8000
WWW.OCWEN.COM
(800)746-2936 / (888) 554-6599
    BKTrusteeQueries@Ocwen.com

Jason David Wyman    (Added in 2023)
Attorney for Creditor, and/or:
**Travis Menk**
travis.menk@brockandscott.com
Brock & Scott, PLLC
8757 Red Oak Blvd, Suite 150
Charlotte, NC 28217

OCWEN Loan Servicing, LLC:
On: <u>11/27/2018</u>
*However, Travis Menk's is still on file.*
704-369-0676
bankruptcy@brockandscott.com
scbkr@brockandscott.com

---

**TRUSTEE**:

Wyman, James M.,

13info@charleston13.com
USTPRegion04.CO.ECF@usdoj.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted,

**Filed:  October 14, 2024**

**Gertrude C. F. Hamilton –Pro Se**
99 Elmwood Street
Walterboro, SC 29488
843-599-2257 – trudyham1@aol.com



# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

Gertrude Coretta Fennell Hamilton,

Debtor(s).

C/A No. 18-04955-EG

Chapter 13

**ORDER**

**THIS MATTER** comes before the Court on the Objection to Order Denying Motion for Relief from Automatic Stay and Closing Case ("Motion to Reconsider") filed by Gertrude Coretta Fennell Hamilton ("Debtor") on September 23, 2024.[1]  The Motion to Reconsider is nearly identical to the one filed by Thelma L. Broomer on September 19, 2024 ("Broomer Motion").[2] The Broomer Motion was denied on September 23, 2024.[3]

Debtor has represented herself since her prior counsel withdrew as attorney of record from the case in January of 2022. Accordingly, the Court has liberally construed the Motion to Reconsider as a motion to alter or amend the Order entered on September 10, 2024, which denied U.S. Bank National Association's ("Creditor") motion for relief from the automatic stay[4] and closed the case.[5] Debtor also requests that the assigned judge consider recusal. For the reasons set forth below, Debtor's Motion to Reconsider is denied, including her request for recusal.

The Motion to Reconsider is governed by Federal Rule of Civil Procedure 59(e), made applicable in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9023. *See Tonthat Investment Group, LLC v. Peugh (In re Peugh)*, No. 23-80057-eg, slip op. at 9 (Bankr. D.S.C.

---

[1] ECF No. 262.
[2] ECF No. 259.
[3] ECF No. 260.
[4] ECF No. 255 (Order Denying Relief from Automatic Stay and Closing Case).
[5] ECF No. 257.

1



Sept. 17, 2024). "Rule 59 allows a party to seek an alteration or amendment of a previous order of the court." *In re Welch*, 647 B.R. 673, 676 (Bankr. D.S.C. 2023) (citation omitted). "Under Rule 59(e), a court may 'alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice.'" *Id.* (quoting *Progressive Church of Our Lord Jesus Christ, Inc. v. Progressive Church of Our Lord Jesus Christ-Tallahassee, Inc.*, No. 3:19-cv-03541, 2021 U.S. Dist. LEXIS 110908, 2021 WL 2418493 at *1 (D.S.C. June 14, 2021) (citation omitted). "In order to obtain relief under Rule 59(e), the burden rests on the moving party to establish one of these three grounds." *Id.* (citation omitted). "Rule 59 motions cannot be used to make arguments that could have been made before the entry of a judgment, nor are they 'opportunities to rehash issues already ruled upon because a litigant is displeased with the result.'" *Id.* (citation omitted).

As the Court previously concluded with respect to the Broomer Motion, as to the request to alter or amend the order closing the case, 11 U.S.C. § 350 governs case closing and reopening. Subsection (a) states, "[a]fter an estate is fully administered and the court has discharged the trustee, the court *shall* close the case." (emphasis added). Bankruptcy Rule 5009 further provides procedures for case closing. It states:

> (a) **Closing of cases under chapters 7, 12, and 13.** If in a chapter 7, chapter 12, or chapter 13 case the trustee has filed a final report and final account and has certified that the estate has been fully administered, and if within 30 days no objection has been filed by the United States trustee or a party in interest, there shall be a presumption that the estate has been fully administered.

"Under Section 350 and Rule 5009, the final act of administration could very well be a purely ministerial act of which the...parties would receive no notice." *In re Cook*, No.7-04-17704-SA, 2012 Bankr. LEXIS 5229, at *9 (Bankr. D.N.M. Nov. 6, 2012) (citations omitted). Nothing in the

2

7 7505000434014



Bankruptcy Code expressly prevents a bankruptcy case from being closed after the estate has been fully administered, even if there are pending motions or adversary proceedings that do not relate to case administration. *Id.* at *10-11 (citing *In re Sindram*, No. 08-00559, 2009 WL 361470, at *2 (Bankr. D.D.C. 2009)); *In re Union Home and Indus., Inc.*, 375 B.R. 912, 918 (B.A.P. 10th Cir. 2007) (finding that an outstanding adversary proceeding is insufficient by itself to keep a case from being considered fully administered in chapter 11 context)); *In re Jackson*, 564 B.R. 286, 288 (Bankr. W.D. Mich. 2017) (holding applicable statute and rule do not require the court to keep a case open during the pendency of any appeals); *In re W.A.R. LLP*, No. 11-00044, 2011 WL 2693971, at *1 (Bankr. D.D.C. 2011).

The Chapter 13 Trustee filed the Final Report and Account on February 8, 2024 and certified therein that, pursuant to Fed. R. Bankr. P. 5009, the estate had been fully administered.[6] Debtor had notice that she had not been granted a discharge and that the case would be closed upon the Trustee's filing of a final report. No objections were filed, and the pending appeals have no bearing on the full administration of the bankruptcy case. As with the Broomer Motion, in the Motion to Reconsider, Debtor has not provided new evidence that would have delayed closing the case nor has she pointed out any manifest errors in the case closure which would convince the court to reconsider its order pursuant to <u>Federal Rule of Civil Procedure 59(e)</u>. Accordingly, the Court denies any request to reconsider that prior ruling.[7]

Debtor does not appear to seek reconsideration of the order denying the motion for relief from stay. While the relief requested in the Motion to Reconsider is difficult to decipher, Debtor

---

[6] ECF No. 234.

[7] As detailed in the order denying the Broomer Motion, the closing of the case does not impact the appeals, and to the extent that the Fourth Circuit reverses the decisions of this Court—as affirmed by the District Court—and any matter is remanded for further consideration, there is nothing to prevent the case from being reopened to revisit any relevant issues.

3

7750500043 4023



appears to raise a new claim against her mortgage creditor relating to its conduct in connection with an insurance claim made regarding Debtor's property following a tropical storm. At the outset, it is important to note that Debtor has attempted to make these claims in the context of an objection to an order closing the case, which is not procedurally proper. Second, the remaining relief requested in the Motion appears to rehash arguments previously addressed in orders of the Court which are currently on appeal, specifically Debtor's contention that the Creditor's actions were somehow fraudulent, designed to deplete her equity, and violated its forbearance agreements. Since these matters remain on appeal, this Court lacks jurisdiction to decide these claims. Third, no stay pending appeal has been sought. If Debtor wishes to appeal the orders recently entered closing the case to a higher authority, she should consult Fed. R. Bankr. P. 8002, 8003, 8004, 8006, and 8009 to file a proper appeal of any specified order of this Court. For these reasons, Debtor's additional claims for relief must be denied.

Debtor requests the Court to keep the case open until the appeal process is completed so she can maintain the benefit of the automatic stay. However, it appears that the keeping the case open any longer would serve no proper purpose and would cause unwarranted delay. Debtor did not cure and maintain Creditor's mortgage under the Plan pursuant to section 1322(b); rather, the Plan only contemplated that the parties would engage in loss mitigation/mortgage modification, and any payments made to Creditor during the bankruptcy case were made outside of the Plan. Even if Debtor seeks to keep the case open to file the Certification of Plan Completion and Request for Discharge, obtaining a discharge would not affect Creditor's mortgage lien.

Finally, Debtor requests that the undersigned consider recusal. Debtor asserts that the assigned judge's former employment at a New York law firm, which ended more than a decade prior to her appointment to the bench, is a conflict of interest due to the firm's representation of

0004434      7750500043 4023



Mark IV Industries, Inc., an entity that was previously involved in litigation with Debtor in the United States District Court in *Hamilton v. Dayco Products, LLC and Mark IV Industries*, Case No. 2:07-cv-02782-RSC.

28 U.S.C. § 455 sets forth the circumstances under which a judge is obligated to disqualify themselves from a matter:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
> > (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
> > (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
> > (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
> > (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
> > > (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
> > > (ii) Is acting as a lawyer in the proceeding;
> > > (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
> > > (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

The proper test for recusal is whether the judge's impartiality might be reasonably questioned by another with full knowledge of the circumstances. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). "Unsupported, irrational or highly tenuous speculation" is insufficient to support a request to recuse. *Id.* The undersigned left her employment with the law firm in 2009 to work for the Department of Justice, never worked on any matters involving Mark IV Industries during her

5

employment with the firm, and has no personal knowledge relating to any matters connected with Mark IV Industries. The Court is unable to discern any basis for Debtor's allegations of impartiality or grounds for disqualification. Debtor has not set forth any facts to demonstrate a conflict of interest. Under the circumstances in this case, a reasonable person would not have a reasonable basis to question the undersigned's impartiality. Grounds under 28 U.S.C. § 455 for recusal do not exist and therefore, the undersigned will not recuse herself from this case.

For the foregoing reasons,

**IT IS, THEREFORE, ORDERED** that the Objection to Order Denying Motion for Relief from Automatic Stay and Closing Case, construed by the Court as a motion to reconsider its rulings in the Orders dated September 10, 2024, is hereby denied. The request to recuse is denied. All other requests for relief included in the Debtor's Objection are denied.

**IT IS FURTHER ORDERED** that upon entry of this Order, the Clerk's Office is directed to close the case. The closing of the case shall not impact Debtor's ability to appeal any order of the Court as allowed under the applicable rules.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**09/30/2024**



Entered: 09/30/2024

Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina

77505000434032

Case 18-04955-eg    Doc 264    Filed 09/30/24    Entered 09/30/24 15:06:43    Desc Main
Document    Page 1 of 6

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

|  |  |
|---|---|
| IN RE:<br><br><br>Gertrude Coretta Fennell Hamilton,<br><br><br><br>Debtor(s). | C/A No. 18-04955-EG<br><br>Chapter 13<br><br>**ORDER** |

**THIS MATTER** comes before the Court on the Objection to Order Denying Motion for Relief from Automatic Stay and Closing Case ("Motion to Reconsider") filed by Gertrude Coretta Fennell Hamilton ("Debtor") on September 23, 2024.[1]  The Motion to Reconsider is nearly identical to the one filed by Thelma L. Broomer on September 19, 2024 ("Broomer Motion").[2] The Broomer Motion was denied on September 23, 2024.[3]

Debtor has represented herself since her prior counsel withdrew as attorney of record from the case in January of 2022. Accordingly, the Court has liberally construed the Motion to Reconsider as a motion to alter or amend the Order entered on September 10, 2024, which denied U.S. Bank National Association's ("Creditor") motion for relief from the automatic stay[4] and closed the case.[5] Debtor also requests that the assigned judge consider recusal. For the reasons set forth below, Debtor's Motion to Reconsider is denied, including her request for recusal.

The Motion to Reconsider is governed by Federal Rule of Civil Procedure 59(e), made applicable in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9023, *See Tonthat Investment Group, LLC v. Peugh* (*In re Peugh*), No. 23-80057-eg, slip op. at 9 (Bankr. D.S.C.

---

[1] ECF No. 262.
[2] ECF No. 259.
[3] ECF No. 260.
[4] ECF No. 255 (Order Denying Relief from Automatic Stay and Closing Case).
[5] ECF No. 257.

Sept. 17, 2024).  "Rule 59 allows a party to seek an alteration or amendment of a previous order

of the court." *In re Welch*, 647 B.R. 673, 676 (Bankr. D.S.C. 2023) (citation omitted).  "Under

Rule 59(e), a court may 'alter or amend the judgment if the movant shows either (1) an intervening

change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has

been a clear error of law or a manifest injustice.'" *Id.* (quoting *Progressive Church of Our Lord*

*Jesus Christ, Inc. v. Progressive Church of Our Lord Jesus Christ-Tallahassee, Inc.*, No. 3:19-cv-

03541, 2021 U.S. Dist. LEXIS 110908, 2021 WL 2418493 at *1 (D.S.C. June 14, 2021) (citation

omitted).  "In order to obtain relief under Rule 59(e), the burden rests on the moving party to

establish one of these three grounds." *Id.* (citation omitted).  "Rule 59 motions cannot be used to

make arguments that could have been made before the entry of a judgment, nor are they

'opportunities to rehash issues already ruled upon because a litigant is displeased with the result.'"

*Id.* (citation omitted).

As the Court previously concluded with respect to the Broomer Motion, as to the request

to alter or amend the order closing the case, 11 U.S.C. § 350 governs case closing and reopening.

Subsection (a) states, "[a]fter an estate is fully administered and the court has discharged the

trustee, the court *shall* close the case." (emphasis added).  Bankruptcy Rule 5009 further provides

procedures for case closing.  It states:

> (a) **Closing of cases under chapters 7, 12, and 13.** If in a chapter 7, chapter 12, or chapter
> 13 case the trustee has filed a final report and final account and has certified that the
> estate has been fully administered, and if within 30 days no objection has been filed by
> the United States trustee or a party in interest, there shall be a presumption that the
> estate has been fully administered.

"Under Section 350 and Rule 5009, the final act of administration could very well be a purely

ministerial act of which the…parties would receive no notice." *In re Cook*, No.7-04-17704-SA,

2012 Bankr. LEXIS 5229, at *9 (Bankr. D.N.M. Nov. 6, 2012) (citations omitted).  Nothing in the

2

Bankruptcy Code expressly prevents a bankruptcy case from being closed after the estate has been fully administered, even if there are pending motions or adversary proceedings that do not relate to case administration. *Id.* at \*10-11 (citing *In re Sindram,* No. 08-00559, 2009 WL 361470, at \*2 (Bankr. D.D.C. 2009)); *In re Union Home and Indus., Inc.,* 375 B.R. 912, 918 (B.A.P. 10th Cir. 2007) (finding that an outstanding adversary proceeding is insufficient by itself to keep a case from being considered fully administered in chapter 11 context)); *In re Jackson,* 564 B.R. 286, 288 (Bankr. W.D. Mich. 2017) (holding applicable statute and rule do not require the court to keep a case open during the pendency of any appeals); *In re W.A.R. LLP,* No. 11-00044, 2011 WL 2693971, at \*1 (Bankr. D.D.C. 2011).

The Chapter 13 Trustee filed the Final Report and Account on February 8, 2024 and certified therein that, pursuant to Fed. R. Bankr. P. 5009, the estate had been fully administered.[6] Debtor had notice that she had not been granted a discharge and that the case would be closed upon the Trustee's filing of a final report.  No objections were filed, and the pending appeals have no bearing on the full administration of the bankruptcy case.   As with the Broomer Motion, in the Motion to Reconsider, Debtor has not provided new evidence that would have delayed closing the case nor has she pointed out any manifest errors in the case closure which would convince the court to reconsider its order pursuant to Federal Rule of Civil Procedure 59(e).  Accordingly, the Court denies any request to reconsider that prior ruling.[7]

Debtor does not appear to seek reconsideration of the order denying the motion for relief from stay.  While the relief requested in the Motion to Reconsider is difficult to decipher, Debtor

---

[6] ECF No. 234.

[7] As detailed in the order denying the Broomer Motion, the closing of the case does not impact the appeals, and to the extent that the Fourth Circuit reverses the decisions of this Court—as affirmed by the District Court—and any matter is remanded for further consideration, there is nothing to prevent the case from being reopened to revisit any relevant issues.

3

appears to raise a new claim against her mortgage creditor relating to its conduct in connection with an insurance claim made regarding Debtor's property following a tropical storm. At the outset, it is important to note that Debtor has attempted to make these claims in the context of an objection to an order closing the case, which is not procedurally proper. Second, the remaining relief requested in the Motion appears to rehash arguments previously addressed in orders of the Court which are currently on appeal, specifically Debtor's contention that the Creditor's actions were somehow fraudulent, designed to deplete her equity, and violated its forbearance agreements. Since these matters remain on appeal, this Court lacks jurisdiction to decide these claims. Third, no stay pending appeal has been sought. If Debtor wishes to appeal the orders recently entered closing the case to a higher authority, she should consult <u>Fed. R. Bankr. P. 8002</u>, <u>8003</u>, <u>8004</u>, <u>8006</u>, and <u>8009</u> to file a proper appeal of any specified order of this Court. For these reasons, Debtor's additional claims for relief must be denied.

Debtor requests the Court to keep the case open until the appeal process is completed so she can maintain the benefit of the automatic stay. However, it appears that the keeping the case open any longer would serve no proper purpose and would cause unwarranted delay. Debtor did not cure and maintain Creditor's mortgage under the Plan pursuant to section 1322(b); rather, the Plan only contemplated that the parties would engage in loss mitigation/mortgage modification, and any payments made to Creditor during the bankruptcy case were made outside of the Plan. Even if Debtor seeks to keep the case open to file the Certification of Plan Completion and Request for Discharge, obtaining a discharge would not affect Creditor's mortgage lien.

Finally, Debtor requests that the undersigned consider recusal. Debtor asserts that the assigned judge's former employment at a New York law firm, which ended more than a decade prior to her appointment to the bench, is a conflict of interest due to the firm's representation of

Mark IV Industries, Inc., an entity that was previously involved in litigation with Debtor in the

United States District Court in *Hamilton v. Dayco Products, LLC and Mark IV Industries,* Case

No. 2:07-cv-02782-RSC.

28 U.S.C. § 455 sets forth the circumstances under which a judge is obligated to disqualify

themselves from a matter:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify
> himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal
> knowledge of disputed evidentiary facts concerning the proceeding;
> (2) Where in private practice he served as lawyer in the matter in controversy,
> or a lawyer with whom he previously practiced law served during such
> association as a lawyer concerning the matter, or the judge or such lawyer has
> been a material witness concerning it;
> (3) Where he has served in governmental employment and in such capacity
> participated as counsel, adviser or material witness concerning the proceeding
> or expressed an opinion concerning the merits of the particular case in
> controversy;
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child
> residing in his household, has a financial interest in the subject matter in
> controversy or in a party to the proceeding, or any other interest that could be
> substantially affected by the outcome of the proceeding;
> (5) He or his spouse, or a person within the third degree of relationship to either
> of them, or the spouse of such a person:
> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
> (ii) Is acting as a lawyer in the proceeding;
> (iii) Is known by the judge to have an interest that could be substantially
> affected by the outcome of the proceeding;
> (iv) Is to the judge's knowledge likely to be a material witness in the
> proceeding.

The proper test for recusal is whether the judge's impartiality might be reasonably questioned by

another with full knowledge of the circumstances. *United States v. Cherry,* 330 F.3d 658, 665 (4th

Cir. 2003). "Unsupported, irrational or highly tenuous speculation" is insufficient to support a

request to recuse. *Id.* The undersigned left her employment with the law firm in 2009 to work for

the Department of Justice, never worked on any matters involving Mark IV Industries during her

employment with the firm, and has no personal knowledge relating to any matters connected with

Mark IV Industries. The Court is unable to discern any basis for Debtor's allegations of

impartiality or grounds for disqualification. Debtor has not set forth any facts to demonstrate a

conflict of interest. Under the circumstances in this case, a reasonable person would not have a

reasonable basis to question the undersigned's impartiality. Grounds under 28 U.S.C. § 455 for

recusal do not exist and therefore, the undersigned will not recuse herself from this case.

For the foregoing reasons,

**IT IS, THEREFORE, ORDERED** that the Objection to Order Denying Motion for Relief

from Automatic Stay and Closing Case, construed by the Court as a motion to reconsider its rulings

in the Orders dated September 10, 2024, is hereby denied. The request to recuse is denied. All

other requests for relief included in the Debtor's Objection are denied.

**IT IS FURTHER ORDERED** that upon entry of this Order, the Clerk's Office is directed

to close the case. The closing of the case shall not impact Debtor's ability to appeal any order of

the Court as allowed under the applicable rules.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT
09/30/2024**



Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina

Entered: 09/30/2024

6

Case 18-04955-eg   Doc 264   Filed 10/15/24   Entered 10/15/24 17:06:15   Page 40 of 46 Main
Case 18-04955-eg   Doc 264-1   Filed 09/30/24   Page 40 of 46   Desc PDF
Document as Notice: Notice Recipients   Page 1 of 2

# Notice Recipients

District/Off: 0420−2         User: admin                Date Created: 9/30/2024
Case: 18−04955−eg           Form ID: pdf01             Total: 85

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**

| | |
|---|---|
| intp | US Bankruptcy Court |
| 543506313 | BANK OF AMERICA |
| 543506317 | CITIBANK |
| 543506322 | GREAT LAKES STUDENT LOAN |
| 543506314 | PRIMEAMERICA LIFE INSURANCE |
| 543506316 | SCEG |
| 543506315 | VERIZON |

TOTAL: 7

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| ust | US Trustee's Office | USTPRegion04.CO.ECF@usdoj.gov |
| tr | James M. Wyman | 13info@charleston13.com |
| aty | Anne Marie Throne | athrone@mtglaw.com |
| aty | Michelle R. Ghidotti−Gonsalves | bknotifications@ghidottiberger.com |
| aty | Travis E. Menk | travis.menk@brockandscott.com |

TOTAL: 5

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | | |
|---|---|---|---|---|
| db | Gertrude Coretta Fennell Hamilton | 99 Elmwood Street | Walterboro, SC 29488 | |
| cr | PRA Receivables Management, LLC | Synchrony Bank | PO Box 41021 | Norfolk, VA 23541 |
| cr | Oewen Loan Servicing, LLC | 1661 Worthington Road | Suite #100 | WEST PALM BEACH, FL 33409 |
| cr | Jeannette Gardner | 1060 Ashton Road | Islandton, SC 29929 | |
| cr | Thelma L Broomer | 590 Parkside Avenue 1BW | Brooklyn, NY 11226 | |
| cr | Ally Financial, c/o AIS Portfolio Services, LP | 4515 N Santa Fe Ave. Dept. APS | Oklahoma City, OK 73118 | |
| cr | Ally Financial c/o AIS Portfolio Services, LLC | 4515 N. Santa Fe Ave. Dept. APS | Oklahoma City, OK 73118 | |
| 543516909 | Ally Financial | Attn: Bankruptcy Dept | Po Box 380901 | Bloomington MN 55438 |
| 543513027 | Ally Financial | PO Box 130424 | Roseville, MN 55113−0004 | |
| 543506306 | BELK/SYNCHRONY BANK | PO BOX 530940 | ATLANTA GA 30353−0940 | |
| 543506282 | BELK/SYNCHRONY BANK | PO BOX 530940 | ATLANTA GA 30353 | |
| 543506276 | BELK/SYNCHRONY BANK | PO BOX 530940 | ATLANTA GA 30353−0940 | |
| 543516910 | Bank Of America | Attn: Bankruptcy | Po Box 982238 | El Paso TX 79998 |
| 543516911 | Bank of America | PO Box 982238 | El Paso TX 79998−2238 | |
| 543515119 | Bank of America, N.A. | P O Box 982284 | El Paso, TX 79998−2238 | |
| 543506318 | CABLE TV | STORE CABLE CHARLESTON | | |
| 543506319 | CITY OF WALTERBORO | WATER DEPT | WALTERBORO SC 29488 | |
| 543506310 | COLLETON MEDICAL CENTER | PO BOX 740771 | CINCINNATI OH 45274 | |
| 543506283 | COLLETON MEDICAL CENTER | PO BOX 740771 | CINCINNATI OH 45274 | |
| 543516912 | Chase Card Services | Correspondence Dept | Po Box 15298 | Wilmington DE 19850 |
| 543516913 | Citi/Sears | PO Box 6275 | Sioux Falls SD 57117−6275 | |
| 543516914 | Colleton County Tax Collector | PO Box 472 | Walterboro SC 29488 | |
| 543516915 | Colleton Medical Center | PO Box 99400 | Louisville KY 40269 | |
| 543544629 | Colleton Medical Center | Resurgent Capital Services | PO Box 1927 | Greenville, SC 29602 |
| 543516916 | Comcast Cable | PO Box 105257 | Atlanta GA 30348 | |
| 543506321 | ELASTIC | ONLINE CASH ADVANCE | | |
| 543516919 | ERC | PO Box 57610 | Jacksonville FL 32241 | |
| 543516917 | Elan Financial Services | 4 Station Square Ste 620 | Pittsburgh PA 15219 | |
| 543516918 | Elastic Team | 4030 Smith Road | Cincinnati OH 45209 | |
| 543516920 | Frontier Communications | Bankruptcy Department | 19 John Street | Middletown NY 10940−4918 |
| 543516921 | Great Lakes | Po Box 7860 | Madison WI 53707 | |
| 543516922 | Hutchens Law Firm | PO Box 8237 | Columbia SC 29202 | |
| 543516923 | IC Systems | Po Box 64378 | Saint Paul MN 55164−0378 | |
| 543516924 | Informational Services, Inc. | 6340 Sugarloaf Parkway, Ste 200 | Duluth GA 30097 | |
| 543516925 | Internal Revenue Service | Centralized Insolvency Operations | PO Box 7346 | Philadelphia PA 19101−7346 |
| 543506312 | JEANNETTE GARDNER | 1060 ASHTON RD | ISLANDTON SC 29929 | |
| 543583981 | JEANNETTE GARDNER | 1060 ASHTON ROAD | ISLANDTON SC 29929 | |
| 543516926 | Jeannette Gardner | 1060 Ashton Rd | Islandton SC 29929 | |
| 543556360 | Jeannette Gardner | 1060 Ashton Rd | Islandton SC 29929 | |
| 543506311 | LAWRENCE BASSETT | 598 RED COMET RD | ISLANDTON SC 29929 | |
| 543506284 | LAWRENCE BASSETT | 598 RED COMET RD | WALTERBORO SC 29488 | |
| 543506280 | LOWE'S SYNCHRONY BANK | PO BOX 530914 | ATLANTA GA 30353 | |
| 543506308 | LOWES SYNCHRONY BANK | PO BOX 530914 | ATLANTA GA 30353 | |
| 543516927 | Lawrence Bassett, Jr. | 598 Red Comet Road | Walterboro SC 29488 | |
| 543516929 | NPAS, Inc. | PO Box 99400 | Louisville KY 40269 | |

Case 18-04955-eg Doc 264 Filed 10/15/24 Entered 10/15/24 17:06:15 Page 24 of Main
Case 18-04955-eg    Doc 264-1 Document 09/30/24 Page 41 of 46 09/30/24 15:06:43    Desc PDF
Document as Notice: Notice Recipients    Page 2 of 2

| | | | | |
|---|---|---|---|---|
| 543516928 | Newby Sartip Masel & Casper | PO Box 808 | Myrtle Beach SC 29578 | |
| 543516930 | Ocwen Loan Servicing LLC | Attn Bankruptcy Dept | 1661 Worthington Rd | Suite 100 | West Palm Beach FL 33409-6493 |
| 543538537 | Ocwen Loan Servicing, LLC | Attn: Bankruptcy Department | PO Box 24605 | West Palm Beach, FL 33416-4605 | (888) 554-6599 | BKTrusteeQueries@ocwen.com |
| 543600552 | PHH Mortgage Corporation | Bankruptcy Department | 1 Mortgage Way, Mail Stop SV-22 | Mt. Laurel, NJ 08054 |
| 544090669 | PHH Mortgage Services | PO Box 5452 | Mt. Laurel, NJ 08054-6452 | |
| 543506997 | PRA Receivables Management, LLC | PO Box 41021 | Norfolk, VA 23541 | |
| 543516931 | Portfolio Recovery Associates, LLC | PO Box 41067 | Norfolk VA 23541-1067 | |
| 543541466 | Portfolio Recovery Associates, LLC | POB 12914 | Norfolk VA 23541 | |
| 543516932 | SC Department of Revenue | PO Box 12265 | Columbia SC 29211 | |
| 543506320 | STATE FARM INSURANCE | WALTERBORO SC 29488 | | |
| 543506307 | STEIN MART | PO BOX 960013 | ORLANDO FL 32896-0013 | |
| 543506279 | STEIN MARTI | PO BOX 960013 | ORLANDO FL 32896-0013 | |
| 543506275 | SYNCHRONY BANK/JCP | PO BOX 960090 | OROLANDO FL 32896-0090 | |
| 543506305 | SYNCHRONY BNAK/JCP | PO BPX 960090 | ORLANDO FL 32896-0090 | |
| 543516933 | South State Bank | PO Box 118068 | Charleston SC 29423 | |
| 543516935 | Synchrony Bank/BP Card | Attn: Bankruptcy | Po Box 965060 | Orlando FL 32896 |
| 543516934 | Synchrony Bank/Belk | PO Box 965060 | Orlando FL 32896 | |
| 543516936 | Synchrony Bank/JC Penneys | PO Box 965022 | Orlando FL 32896 | |
| 543516937 | Synchrony Bank/Lowes | Attn: Bankruptcy Dept | Po Box 965060 | Orlando FL 32896 |
| 543516938 | Synchrony Bank/Stein Mart | Po Box 965005 | Orlando FL 32896 | |
| 543516939 | Synchrony Bank/Walmart | Attn: Bankruptcy Dept | PO Box 965022 | Orlando FL 32896 |
| 543506285 | THELMA BROOMER | 960 ASHTON RD | ISLANDTON, SC 29929 | |
| 543516940 | Thelma Broomer | 590 Parkside Ave 1 BW | Brooklyn NY 11226 | |
| 543519550 | U.S. Bank National Association | Bankruptcy Department | PO Box 108 | St. Louis MO 63166-0108 |
| 543555910 | UNITED STATES DEPARTMENT OF EDUCATION | CLAIMS FILING UNIT | PO BOX 8973 | MADISON WI 53708-8973 |
| 544131659 | US Bank National Assoc solely as | Legal Title Trustee for RMTP Trust, | Series 2021 BKM-TT-V | Rushmore Loan Management Services | P.O. Box 55004 | Irvine CA 92619 |
| 543506309 | WALMART | MASTERCARD | PO BOX 960024 | ORLANDO FL 32896-0024 |
| 543506281 | WALMART MASTERCARD | PO BOX 960024 | ORLANDO, FL 32896-0024 | |

TOTAL: 73

**10/15/2024 1:08PM**
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

**Nicole Stalvey**

| | |
|---|---|
| **From:** | Derrick Woods |
| **Sent:** | Tuesday, October 15, 2024 10:39 AM |
| **To:** | trudyham1@aol.com |
| **Cc:** | Nicole Stalvey |
| **Subject:** | 18-04955-EG (Gertrude Coretta Fennell Hamilton) |

Dear Gertrude Coretta Fennell Hamilton,

Per the clerk of court,

The court has docketed the notice of appeal and motion to impose stay.  From a review of these documents, it is not clear whether you wish for the bankruptcy court to preside over the motion to impose stay under Rule 8007(a) or whether this motion is to be sent to the district court to be heard with the appeal pursuant to Rule 8007(b).  Please provide guidance on how you wish to proceed.

Best,

**D.Woods**
United States Bankruptcy Court
District of South Carolina



## Nicole Stalvey

| | |
|---|---|
| **From:** | Trudy Hamilton <trudyham1@aol.com> |
| **Sent:** | Tuesday, October 15, 2024 1:05 PM |
| **To:** | Derrick Woods |
| **Cc:** | Nicole Stalvey; Erin Mays |
| **Subject:** | Re: 18-04955-EG (Gertrude Coretta Fennell Hamilton) |

**CAUTION - EXTERNAL:**

On Tuesday, October 15, 2024 at 10:39:23 AM EDT, Derrick Woods <derrick_woods@scb.uscourts.gov> wrote:

Dear Gertrude Coretta Fennell Hamilton,

Per the clerk of court,

The court has docketed the notice of appeal and motion to impose stay. From a review of these documents, it is not clear whether you wish for the bankruptcy court to preside over the motion to impose stay under Rule 8007(a) or whether this motion is to be sent to the district court to be heard with the appeal pursuant to Rule 8007(b). Please provide guidance on how you wish to proceed.

The MOTION goes to the District Court with the appeal. Note: The attached Order also goes to the District Court. The sent ORDER did not have the identification docket number, but it was sent and requested with the docket numbers list to ensure a copy with 264. My problem is with Court Administration blocking and halting evidence. Therefore, creating FRAUD on the COURT via the court. You can be part of the problem or added to the conspiracy, but the decision is yours. The ORDER was sent...

Best,

**D.Woods**

United States Bankruptcy Court

District of South Carolina



1

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

10/14/2024 11:50AM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

# UNITED STATES BANKRUPTCY COURT
## FOR DISTRICT OF SOUTH CAROLINA CHARLESTON DIVISION

In re,

Gertrude Coretta Fennell Hamilton

|  |
|---|
| C/A No. **18-04955**-EG |
| Adv. Pro. No.: |

Debtor,

Plaintiff /Appellant/ Petitioner

Chapter 13

## MOTION TO IMPOSE STAY

U.S. Bank National Association as Legal Title
Trustee for RMTP Trust, Series 2021 BKM-TT-V,
by and through its (Servicer's): Rushmore Loan
Management Services; PHH Mortgage Services;
OCWEN Loan Servicing, LLC; and Rushmore
Servicing; and <u>Attorney's</u>: Brian Campbell; Gentry
Collins; Anne Marie Throne; Travis Emil Menk

Creditor,
Defendant /Appellee

## NOTICE OF APPEAL filed 10/14/2024

## THIS IS AN ISSUE OF PUBLIC IMPORTANCE AND QUESTION OF LAW

Gertrude Coretta Fennell Hamilton - Plaintiff in the above-captioned and Appellant/Petitioner

herein, appeal ORDER **<u>Doc. No. 264</u>** filed 09/30/2024 from closing this chapter 13.

Debtor/Appellant is requesting that the court impose a STAY until the appeal process is completed.

11 U.S.C. §§362(c) (3) or (4). See, "*AH Robins Co., Inc. v. Piccinin*, 788 F.2d 994 Court of Appeals

(1986): "The Sixth Circuit has recognized that "[s] ome courts have held that the debtor's **stay** may

be extended to non-bankrupt parties in 'unusual circumstances.'" See 11 U.S.C. §362 (a)1, 3 as

pray fully supplemented by 11 U.S.C. §105. It also appears that §157(b)(5) is not jurisdictional in

bankruptcy allowing closure while Debtor has two Appeals in the Fourth Circuit Court of Appeals;

24-1153 and 24-1222.  Please impose a STAY.

Respectfully submitting,

**Filed:  October 14, 2024**

**Gertrude C. F. Hamilton –Pro Se**
99 Elmwood Street
Walterboro, SC 29488
843-599-2257 – trudyham1@aol.com