UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| In re Gertrude Coretta Fennell Hamilton,<br><br>　　　　　　　　　　　　　　　Debtor,<br>_____<br>Gertrude Coretta Fennell Hamilton,<br><br>　　　　　　　　　　　　　　　Appellant,<br><br>v.<br><br>U.S. Bank National Association as Legal Title Trustee for RMTP Trust, Series 2021 BKM-TT-V; Meredith L. Coker, Esq.; Rushmore Servicing; Michelle R. Ghidotti-Gonsalves, Esq.; Rushmore Loan Management Services, LLC; Brian Campbell, Esq; Anne Marie Throne, Esq.; PHH Mortgage Services; Jason Wyman, Esq.; Gentry Collins, Esq.; Travis Menk, Esq.; Ocwen Loan Servicing, LLC; James M. Wyman,<br><br>　　　　　　　　　　　　　　　Appellees. | C/A No. 2:24-cv-05918-RMG-MHC<br><br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

　　　　Appellant/Debtor Gertrude Coretta Fennell Hamilton ("Appellant" or "Hamilton"), proceeding pro se, appeals to this Court for review of two orders entered by United States Bankruptcy Judge Elisabetta G.M. Gasparini in Appellant's Chapter 13 bankruptcy case, *In re: Gertrude Coretta Fennell Hamilton, Debtor*, C/A No. 18-04955-EG (D.S.C.), in the United States Bankruptcy Court for the District of South Carolina (the "Bankruptcy Court"). Hamilton filed her Appellant's Brief with this Court on February 28, 2025. ECF No. 21. Appellee U.S. Bank National Association, not in its individual capacity but solely as Legal Title Trustee for RMTP Trust, Series

1

2021 BKM-TT-V ("U.S. Bank") filed a Response Brief on March 27, 2025. ECF No. 27. On April 4, 2025, Hamilton filed her Reply Brief in support of the appeal. ECF No. 29. The appeal is ripe.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving pro se litigants are referred to a United States Magistrate Judge for consideration. For the reasons set forth below, the undersigned recommends that the Court affirm the orders at issue.

## BACKGROUND

### I.     September 10, 2024 Order, Bankruptcy Dkt. 255

On September 10, 2024, the Bankruptcy Court entered an Order Denying Motion for Relief from Automatic Stay and Closing Case ("September 10 Order"), in which the Bankruptcy Court made the following findings of fact and conclusions of law. ECF No. 4-29.

**A. The Bankruptcy Court's Findings of Fact**

U.S. Bank holds a promissory note dated January 16, 2008, in the original principal amount of $172,550.00, which is secured by a mortgage on Hamilton's principal residence at 99 Elmwood Street, Walterboro, SC 29488 (the "Property"). ECF No. 4-29 at 1. Hamilton filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on September 28, 2018 (the "Petition Date"). *Id.* In her Schedules filed on October 19, 2018, Hamilton lists the Property as having a value of $150,000.00 as of the Petition Date. *Id.* Hamilton's Chapter 13 plan ("Plan"), which was confirmed on February 6, 2019, provides that Hamilton will engage in loss mitigation efforts with U.S. Bank. *Id.* at 1–2.

Hamilton's loss mitigation efforts have been unsuccessful in this case, and Hamilton has not entered into a loan modification with U.S. Bank. *Id.* at 2. During the pendency of Hamilton's

bankruptcy case, U.S. Bank filed three motions for relief from stay in the case, all of which ultimately were denied. *See id.* at 2–7.

Hamilton completed her plan payment obligations, and the Chapter 13 Trustee filed a notice to Hamilton of plan completion and notification of need to file request for discharge on November 1, 2023. *Id.* at 5. Based upon Hamilton's failure to file the Certification of Plan Completion and Request for Discharge, the Court entered an Order of No Discharge on January 19, 2024. *Id.* The Order of No Discharge further provided: "Upon the filing of the Final Report this case may be closed and the chapter 13 trustee discharged." *Id.* On February 8, 2024, the Chapter 13 Trustee filed his Final Report and Account declaring, *inter alia*, that the payments were completed on October 4, 2023, and the estate has been fully administered, and requesting a final decree that discharges the trustee. *Id.* at 5–6. Hamilton did not file an objection to the Final Report and Account within 30 days from the filing of the Report, nor did she appeal the Order of No Discharge. *Id.* at 6.

During the pendency of her Bankruptcy case, Hamilton appealed various Bankruptcy Court orders, including the following: (1) a February 2023 Order and a March 2023 Reconsideration Order, appealed to this District Court in Case No. 2:23-cv-01181-RMG-MHC ("First Appeal"); and (2) a December 8, 2023 Order and December 21, 2023 Order, appealed to this District Court in Case No. 2:23-cv-06891-RMG-MHC ("Second Appeal"). ECF No. 4-29 at 4–5. By Order entered January 29, 2024, the District Court affirmed the First Appeal, and by Order entered February 29, 2024, the District Court affirmed the Second Appeal. *Id.* at 6. Hamilton appealed both District Court orders to the U.S. Court of Appeals for the Fourth Circuit. *Id.* (noting that the First Appeal is Fourth Circuit Case No. 24-1153, and the Second Appeal is Fourth Circuit Case

No. 24-1222). At the time the Bankruptcy Court issued its Orders in September 2024, the First and Second Appeals were still pending in the Fourth Circuit.[1] *Id.*

U.S. Bank filed its third and final motion for relief from stay on August 6, 2024. *Id.* Hamilton filed an objection to the third motion, arguing that U.S. Bank is protected by the equity in the Property and asserting additional claims against U.S. Bank, including discrimination, harassment, violation of Fair Debt Collections Practices Act, and others. *Id.* Hamilton attached multiple exhibits to her objection, which were admitted into evidence without objection, and opined at the hearing held on September 4, 2024, that the Property is worth over $280,000.00. *Id.* at 1, 6–7. U.S. Bank did not present any documentary evidence or testimony in support of its motion. *Id.* at 7.

### B. The Bankruptcy Court's Conclusions of Law

The Bankruptcy Court found that U.S. Bank's third and final motion for relief from stay must be denied because U.S. Bank failed to meet its burden of proof under either 11 U.S.C. § 362(d)(1) or (2). ECF No. 4-29 at 7–10.

The Bankruptcy Court noted that Hamilton's Objection to the final motion for relief from stay "raised additional arguments that [U.S. Bank] has (1) willfully violated the automatic stay, (2) violated the Fair Debt Collections Practices Act (15 U.S.C. § 1692) [(the "FDCPA")], (3) engaged in fraudulent unjust enrichment from [Hamilton's] insurance claim, and (4) engaged in other fraudulent acts, discrimination and harassment." ECF No. 4-29 at 10. The Bankruptcy Court denied these additional requests for relief upon finding (1) that they "are not pertinent to the

---

[1] The Fourth Circuit subsequently affirmed both the First Appeal and the Second Appeal on April 14, 2025. *Hamilton v. U. S. Bank Nat'l Ass'n as Tr. for RMTP Tr., Series 2021 BKM-TT-V*, No. 24-1153, 2025 WL 1098846 (4th Cir. Apr. 14, 2025); *Hamilton v. U. S. Bank Nat'l Ass'n as Tr. for RMTP Tr., Series 2021 BKM-TT-V*, No. 24-1222, 2025 WL 1098850 (4th Cir. Apr. 14, 2025).

matter currently under consideration" and (2) that, "with the possible exception of the fraudulent unjust enrichment regarding the insurance claim, these issues were previously addressed in the [Bankruptcy Court's] February 2023 Order," which, together with the March 2023 Reconsideration Order (denying Hamilton's Motion to Reconsider the February 2023 Order), was affirmed by the District Court and was on appeal to the Fourth Circuit Court of Appeals, thereby divesting the Bankruptcy Court of jurisdiction to hear those particular issues. *Id.* at 10–11.

Finally, the Bankruptcy Court found that Hamilton's bankruptcy case had been fully administered and should be closed:

> Debtor's bankruptcy case is concluded. Debtor has completed making all payments required under the plan, and the Chapter 13 Trustee has completed making distributions to Debtor's creditors. The Chapter 13 Trustee has filed his final report and final account, and Debtor did not timely object to the Trustee's report. Fed. R. Bankr. P. 5009(a) provides that "If in a . . . chapter 13 case the trustee has filed a final report and final account and has certified that the estate has been fully administered, and if within 30 days no objection has been filed by the United States trustee or a party in interest, there shall be a presumption that the estate has been fully administered. The Court finds that the case has been fully administered. Section 350(a) provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Nothing in the Bankruptcy Code or Rules prohibits the closing of a bankruptcy case while an appeal is pending—especially when there is no order staying the Bankruptcy Case pending appeal. No motion for relief pending appeal under Fed. R. Bankr. P. 8005 has been filed. Accordingly, the Court finds that Debtor's case should be closed.

ECF No. 4-29 at 11–12. Accordingly, the Bankruptcy Court ordered that "an Order Discharging Trustee and Closing Case shall be entered following the entry of this Order." *Id.* at 12. The Order Discharging Trustee and Closing Case was filed September 10, 2024. ECF No. 4-31.

## II.    September 30, 2024 Reconsideration Order, Bankruptcy Dkt. 264

Hamilton filed a pleading titled "Objection to Order Denying Motion for Relief from Automatic Stay and Closing," ECF No. 4-34, which the Bankruptcy Court construed as a Motion to Reconsider the September 10 Order pursuant to Rule 59(e) of the Federal Rules of Civil

5

Procedure. ECF No. 4-36 at 1 (noting that Rule 59(e) is made applicable to bankruptcy cases pursuant to Fed. R. Bankr. P. 9023). The Bankruptcy Court noted that while Hamilton did not appear to seek reconsideration of the order denying U.S. Bank's motion for relief from stay, Hamilton's pleading requested that the Bankruptcy Court keep the case open until the appeal process is completed so she can maintain the benefit of the automatic stay, requested that the assigned Bankruptcy judge consider recusal, appeared to raise a new claim against Hamilton's mortgage creditor relating to its conduct in connection with an insurance claim made regarding Hamilton's property following a tropical storm, and rehashed arguments previously addressed by the Bankruptcy Court in orders that were on appeal. ECF No. 4-36 at 1–4.

On September 30, 2024, the Bankruptcy Court entered an Order denying Hamilton's Motion to Reconsider ("Reconsideration Order"). ECF No. 4-36. In the Reconsideration Order, the Bankruptcy Court denied Hamilton's request for recusal, finding that Hamilton had not demonstrated that grounds existed for recusal under 28 U.S.C. § 455. *Id.* at 4–6.

The Bankruptcy Court also denied Plaintiff's claims for relief based on the insurance claim and grounds previously addressed in orders then on appeal ("specifically [Hamilton's] contention that the Creditor's actions were somehow fraudulent, designed to deplete her equity, and violated its forbearance agreements"), finding that it was not procedurally proper to make these claims in the context of an objection to an order closing the case and that the Bankruptcy Court lacked jurisdiction to decide claims that were currently on appeal. *Id.* at 3–4.

Regarding the request to alter or amend the order closing the case, the Bankruptcy Court found that 11 U.S.C. § 350 governs the closing and reopening of bankruptcy cases and that "[n]othing in the Bankruptcy Code expressly prevents a bankruptcy case from being closed after

6

the estate has been fully administered, even if there are pending motions or adversary proceedings that do not relate to case administration." *Id.* at 2–3. The Bankruptcy Court further explained:

> The Chapter 13 Trustee filed the Final Report and Account on February 8, 2024 and certified therein that, pursuant to Fed. R. Bankr. P. 5009, the estate had been fully administered. [Hamilton] had notice that she had not been granted a discharge and that the case would be closed upon the Trustee's filing of a final report. No objections were filed, and the pending appeals have no bearing on the full administration of the bankruptcy case. . . . [I]n the Motion to Reconsider, [Hamilton] has not provided new evidence that would have delayed closing the case nor has she pointed out any manifest errors in the case closure which would convince the court to reconsider its order pursuant to Federal Rule of Civil Procedure 59(e). Accordingly, the Court denies any request to reconsider that prior ruling.

ECF No. 4-36 at 3 (footnote omitted); *see id.* at 3 n.7 (noting that "the closing of the case does not impact the appeals, and to the extent that the Fourth Circuit reverses the decisions of this Court—as affirmed by the District Court—and any matter is remanded for further consideration, there is nothing to prevent the case from being reopened to revisit any relevant issues").

Finally, regarding Hamilton's request to keep the case open until the appeal process was completed so she could maintain the benefit of the automatic stay, the Bankruptcy Court found that "keeping the case open any longer would serve no proper purpose and would cause unwarranted delay." *Id.* at 4. The Bankruptcy Court further explained:

> [Hamilton] did not cure and maintain Creditor's mortgage under the Plan pursuant to section 1322(b); rather, the Plan only contemplated that the parties would engage in loss mitigation/mortgage modification, and any payments made to Creditor during the bankruptcy case were made outside of the Plan. Even if [Hamilton] seeks to keep the case open to file the Certification of Plan Completion and Request for Discharge, obtaining a discharge would not affect Creditor's mortgage lien.

*Id.*

The Bankruptcy Court denied the Motion to Reconsider and all requests for relief therein and further ordered "that upon entry of this Order, the Clerk's Office is directed to close the case.

7

The closing of the case shall not impact [Hamilton's] ability to appeal any order of the Court as allowed under the applicable rules." *Id.* at 6.

### III.   Procedural Background of this Appeal

Hamilton's Notice of Appeal of the September 10 Order and the Reconsideration Order was docketed in the Bankruptcy Court on October 14, 2024, and in this District Court on October 16, 2024. *See* ECF No. 1 at 4. The designated record was filed by the Bankruptcy Court on November 13, 2024, followed by a supplemental designated record filed on November 15, 2024, and a second supplemental designated record filed on December 11, 2024. *See* ECF Nos. 3, 4, 5, and 11.

On December 5, 2024, Hamilton filed a Motion to Impose Stay, ECF No. 7, and on December 9, 2024, Hamilton filed a second, virtually identical Motion to Impose Stay, ECF No. 10. In the Motions, Hamilton noted that she is appealing the Order of the Bankruptcy Court that closed her Chapter 13 bankruptcy case, and she requested that this Court impose a stay pursuant to 11 U.S.C. § 362 until the appeals process is completed. ECF No. 7 at 2; ECF No. 10 at 2.

By Order entered January 30, 2025, the assigned Magistrate Judge denied, without prejudice, both Motions to Impose Stay. ECF No. 15. Upon objection by Hamilton (ECF No. 17), the District Judge affirmed the Magistrate Judge's Order and denied Hamilton's Motion to Reassign Case (ECF No. 18). ECF No. 19. Hamilton then appealed the District Judge's Order to the U.S. Court of Appeals for the Fourth Circuit. *See* ECF No. 23. On December 1, 2025, the Fourth Circuit dismissed the appeal for lack of jurisdiction upon finding that the District Judge's Order was neither a final order nor an appealable interlocutory or collateral order. ECF No. 31.

Hamilton filed her Appellant's Brief with this Court on February 28, 2025. ECF No. 21. U.S. Bank filed a Response Brief on March 27, 2025. ECF No. 27. On April 4, 2025, Hamilton filed her Reply Brief in support of the appeal. ECF No. 29.

## JURISDICTION

Under 28 U.S.C. § 158(a), United States district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts. "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp. Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020) (citing *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)); *see In re Daufuskie Island Props., Inc.*, 441 B.R. 49, 55 (Bankr. D.S.C. 2010) ("Final orders are those that resolve the litigation, decide the merits, settle liability, establish damages, or determine the rights of the parties.") (citing *In re Looney*, 823 F.2d 788, 790 (4th Cir. 1987)). The district court also has jurisdiction to hear appeals from interlocutory orders and decrees of the bankruptcy court, provided the district court grants the appellant leave to appeal. 28 U.S.C. § 158(a)(3).

This Court has jurisdiction over this appeal, as it involves an appeal from a final judgment or final order of a United States Bankruptcy Court over which the District Court has jurisdiction.

## STANDARD OF REVIEW

On appeal from the bankruptcy court, the district court acts as an appellate court and reviews the bankruptcy court's findings of fact for clear error, while it reviews conclusions of law de novo. *In re Merry–Go–Round Enters., Inc.*, 400 F.3d 219, 224 (4th Cir. 2005); *In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001); *see* 28 U.S.C. § 158(a).

A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake

has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *United States v. Hall*, 664 F.3d 456, 462 (4th Cir. 2012). "This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985). "When findings are based on determinations regarding the credibility of witnesses," the reviewing court gives "even greater deference to the trial court's findings." *Hall*, 664 F.3d at 462 (quoting *Anderson*, 470 U.S. at 575).

## DISCUSSION

In her Appellant Brief, Hamilton identifies the following issues on appeal: (1) "Whether this court has the jurisdiction to close the case that would bar jurisdiction to the Fourth Circuit Court of Appeals on two appeals 24-1153 and 24-1122 that were timely filed on appeal before the Chapter 13 case was closed"; (2) "Whether core (Article III cases) or non-core applies in this case involving State and 'FCA' violations allow jurisdiction to close this case"; (3) "Whether recusal is appropriate because of bias behavior and Judge's connections with working at Skadden App's law [*sic*] firm prior to becoming a judge and during the time [Hamilton's] former employer was represented by the same law firm"; (4) "Whether documents without notification to Debtor of fees being added to the Debtor's debt without any notification violates the Automatic Stay"; (5) "Whether Constitutional discrimination against Debtor took place with intentionally hiding the MOTION TO IMPOSE STAY inside another file misconduct is Fraud upon the Court"; (6) "Whether Honorable Judge Gasparini erred: IT IS FURTHER ORDERED that upon entry of this Order, the Clerk's Office is directed to close the case. The closing of the case shall not impact Debtor's ability to appeal any order of the Court as allowed under the applicable rules"; and (7) "Whether willful intentional acts of misconduct involving the PACER tracking system[] took

place by court employees within the judicial administration to bar justice, (An-Inside-Injustice) against [Hamilton's] Civil Rights to appeal." ECF No. 21 at 10–13.

I. **The September 10, 2024 Order Should Be Affirmed.**

In the September 10, 2024 Order, the Bankruptcy Court (1) denied U.S. Bank's third motion for relief from stay; (2) denied Hamilton's requests for relief, raised in her Objection to the U.S. Bank's third motion, based on claims of willful violation of the automatic stay, violation of the FDCPA, fraudulent unjust enrichment related to an insurance claim, other fraudulent acts, discrimination, and harassment; and (3) found that Hamilton's bankruptcy case had been fully administered and should be closed. ECF No. 4-29 at 7–12. On appeal, Hamilton does not appear to challenge the denial of U.S. Bank's third motion for relief from stay, but her arguments appear to challenge the remaining decisions.

As an initial matter, the undersigned has reviewed the record on appeal from the Bankruptcy Court and finds no clear error in the findings of fact set forth in the September 10, 2024 Order. Moreover, upon *de novo* review of the conclusions of law, the undersigned finds that the Bankruptcy Court applied the proper legal principles to the facts in the September 10, 2024 Order, such that the Order should be affirmed in its entirety.

As to the requests for relief raised in Hamilton's Objection to the third motion for relief from stay, the Bankruptcy Court found that the requests for relief must be denied because they were not pertinent to U.S. Bank's third motion and, with the possible exception of the unjust enrichment claim, all of the issues had been previously addressed in the Bankruptcy Court's February 2023 Order and March 2023 Reconsideration Order, which had been affirmed by this District Court and were on appeal to the Fourth Circuit. ECF No. 4-29 at 10–11. Upon review of U.S. Bank's third motion for relief from stay (ECF No. 4-27) and Hamilton's Objection thereto

(ECF No. 4-28), the undersigned agrees that Hamilton's requests for relief were not pertinent to the third motion.

Moreover, upon review of the Bankruptcy Court's February 2023 Order (ECF No. 3-32),[2] the Report and Recommendation and Order affirming the Bankruptcy Court's February 2023 Order and March 2023 Reconsideration Order in District Court Case No. 2:23-cv-01181-RMG-MHC,[3] the Bankruptcy Court's December 8, 2023 Order on Motion on Continued Violation of Automatic Stay (ECF No. 3-45) and December 21, 2023 Order Denying Request for Certification for Direct Appeal to the Fourth Circuit Court of Appeals (ECF No. 4-4), and the Order affirming those December 2023 Bankruptcy Court orders in District Court Case No. 2:23-7104-RMG,[4] the undersigned also agrees that almost all of the issues raised in Hamilton's Objections to U.S. Bank's third motion for relief from stay had previously been addressed by the Bankruptcy Court and District Court and were on appeal to the Fourth Circuit at the time the Bankruptcy Court issued its September 10, 2024 Order. "As a general rule, the filing of an appeal 'confers jurisdiction on the court of appeals and divests the [lower] court of its control over those aspects of the case involved in the appeal.'" *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 263 (4th Cir. 2011) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). The Bankruptcy Court properly applied

---

[2] The Bankruptcy Court's March 2023 Reconsideration Order does not appear to have been included in the Designated Record. *See* ECF Nos. 3, 4, 5, 11.

[3] *Hamilton v. U.S. Bank Nat'l Ass'n as Tr. for RMTP Tr., Series 2021 BKM-TT-V by & through Rushmore Loan Mgmt. Servs.*, No. 2:23-CV-01181-RMG-MHC, 2023 WL 12009961, at *1 (D.S.C. Dec. 21, 2023), *report and recommendation adopted sub nom. In re Hamilton*, No. CV 2:23-1181-RMG, 2024 WL 329068 (D.S.C. Jan. 29, 2024), *aff'd sub nom. Hamilton v. U. S. Bank Nat'l Ass'n as Tr. for RMTP Tr., Series 2021 BKM-TT-V*, No. 24-1153, 2025 WL 1098846 (4th Cir. Apr. 14, 2025).

[4] *In re Hamilton*, No. CV 2:23-7104-RMG, 2024 WL 1161076, at *1 (D.S.C. Feb. 29, 2024), *aff'd sub nom. Hamilton v. U. S. Bank Nat'l Ass'n as Tr. for RMTP Tr., Series 2021 BKM-TT-V*, No. 24-1222, 2025 WL 1098850 (4th Cir. Apr. 14, 2025).

this legal principle in concluding that it lacked jurisdiction to hear the issues that were then on appeal to the Fourth Circuit.

Finally, the undersigned finds no reversible error in the Bankruptcy Court's decision that Hamilton's bankruptcy case had been fully administered and should be closed. Hamilton has not shown clear error in the Bankruptcy Court's factual findings that Hamilton had completed making all payments required under the plan, the Chapter 13 Trustee had completed making distributions to Hamilton's creditors, the Chapter 13 Trustee had filed his final report and final account, Hamilton did not timely object to the Trustee's report, and that no motion for relief pending appeal under Federal Rule of Bankruptcy Procedure 8005 had been filed. *See* ECF No. 4-29 at 11–12.

Moreover, upon *de novo* review, the undersigned finds that the Bankruptcy Court properly applied Federal Rule of Bankruptcy Procedure 5009(a) when it found that the case had been fully administered. *See id.* at 11 (noting that Fed. R. Bankr. P. 5009(a) provides that "[i]f in a . . . chapter 13 case the trustee has filed a final report and final account and has certified that the estate has been fully administered, and if within 30 days no objection has been filed by the United States trustee or a party in interest, there shall be a presumption that the estate has been fully administered"). The Bankruptcy Court also properly explained that 11 U.S.C. § 350(a) provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court *shall* close the case." *See* ECF No. 4-29 at 11 (emphasis added) (quoting 11 U.S.C. § 350(a)). Plaintiff has not shown any error in the Bankruptcy Court's conclusion that nothing in the Bankruptcy Code or Rules prohibits the closing of a bankruptcy case while an appeal is pending, especially when there is no order staying the Bankruptcy Case pending appeal. *See id.* at 11–12. Accordingly, the undersigned finds that the Bankruptcy Court applied the proper legal principles to the facts in the September 10, 2023 Order, such that the Order should be affirmed in its entirety.

## II.     The Reconsideration Order Should Be Affirmed.

In the Reconsideration Order, the Bankruptcy Court (1) denied Hamilton's request to alter or amend the Order closing the case; (2) denied Hamilton's request to keep the case open until the appeal process was completed; (3) denied Hamilton's request for relief based on an insurance claim and grounds previously addressed in orders on appeal; and (4) denied Hamilton's request for recusal. ECF No. 4-36.

Upon review, the undersigned finds no clearly erroneous finding of fact and that the Bankruptcy Court applied the correct legal standard to Hamilton's request for reconsideration, such that Hamilton has shown no reversible error in the Bankruptcy Court's denial of that request. *See* Fed. R. Civ. P. 59(e); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (recognizing three grounds for amending an earlier judgment pursuant to Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice"); *see U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) ("Mere disagreement does not support a Rule 59(e) motion."). Hamilton has not demonstrated a finding of clear error of law or manifest injustice, nor a finding that there had been an intervening change in controlling law or the introduction of new evidence not available at trial that would have established grounds for the Bankruptcy Court to grant the request for reconsideration. *See McFadden v. Stirling*, No. 2:15-CV-04144-JMC, 2018 WL 3773925, at *1 (D.S.C. Aug. 9, 2018) ("The burden is on the moving party to establish one of these three grounds for relief.").

Moreover, as explained above in the discussion of the September 10, 2024 Order, Hamilton has not shown reversible error in the Bankruptcy Court's decision to close the case or its finding that it lacked jurisdiction over issues previously decided by the court and pending on appeal.

Similarly, Hamilton has not demonstrated reversible error in the Bankruptcy Court's conclusion that it was not procedurally proper for Hamilton to make a new claim based on an insurance issue in the context of an objection to an Order closing the case. *See* ECF No. 4-36 at 3–4.

Nor has Hamilton shown reversible error in the Bankruptcy Court's finding that Hamilton's right to appeal any order of the Bankruptcy Court would not be affected by closing the case. *See id.* at 4, 6. Although Hamilton argues in her Appellate Brief that by closing the case, the Bankruptcy Court somehow divested the Fourth Circuit Court of Appeals of jurisdiction over her then-pending appeals, she is mistaken. *See* ECF No. 21 at 10–11 Hamilton has pointed to no legal authority to support this assertion. Moreover, notwithstanding the closure of her Bankruptcy case in September 2024, the Fourth Circuit considered the merits of both her First Appeal and Second Appeal in April 2025, affirming the lower courts' decisions in full. *See Hamilton v. U. S. Bank Nat'l Ass'n as Tr. for RMTP Tr., Series 2021 BKM-TT-V*, No. 24-1153, 2025 WL 1098846 (4th Cir. Apr. 14, 2025); *Hamilton v. U. S. Bank Nat'l Ass'n as Tr. for RMTP Tr., Series 2021 BKM-TT-V*, No. 24-1222, 2025 WL 1098850 (4th Cir. Apr. 14, 2025).

Finally, Hamilton has not shown reversible error in the denial of her request for recusal. Hamilton argued for recusal on the basis that the Bankruptcy judge's former employment at a New York law firm was a conflict of interest due to the firm's representation of Mark IV Industries, Inc., an entity that was previously involved with litigation Hamilton filed in 2007. ECF No. 4-34 at 1–2, 5. The Bankruptcy Court explained that the judge "left her employment with the law firm in 2009 to work for the Department of Justice, never worked on any matter involving Mark IV Industries during her employment with the firm, and has no personal knowledge relating to any matters connected with Mark IV Industries." ECF No. 4-36 at 5–6. Hamilton has not shown any clear error in these facts, and the Bankruptcy Court properly applied 28 U.S.C. § 455 to the facts

15

of the case and properly concluded that Hamilton had not demonstrated a basis for the Bankruptcy judge to recuse herself from Hamilton's case. *See* ECF No. 4-36 at 4–6; *see also United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) ("A presiding judge is not, however, required to recuse himself simply because of unsupported, irrational or highly tenuous speculation. Put simply, the proper test to be applied is whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." (internal citations and quotation marks omitted)).

Accordingly, the undersigned recommends that the Reconsideration Order be affirmed.[56]

## RECOMMENDATION

For the reasons set forth above, it is **RECOMMENDED** that the Bankruptcy Court's September 10, 2024 Order and Reconsideration Order be **AFFIRMED**.

**The parties are referred to the Notice Page attached hereto.**

January 7, 2025         Molly H. Cherry
Charleston, South Carolina         United States Magistrate Judge

---

[5] In her Appellant Brief and Response Brief, Hamilton makes various allegations of "fraud on the court" related to the use of PACER or alleged misconduct by court employees that do not appear related to whether the two challenged Bankruptcy Court orders should be affirmed and do not appear to be properly before the Court. *See* ECF Nos. 21 & 29. At any rate, the undersigned finds that Hamilton has not demonstrated a basis for relief based on these allegations.

[6] In its Brief, U.S. Bank argues that Hamilton's appeal is frivolous and requests its attorneys' fees pursuant to Bankruptcy Rule of Procedure 8020 and Federal Rule of Appellate Procedure 38. ECF No. 27 at 19. Rule 8020(a) provides as follows: "If the district court . . . determines that an appeal is frivolous, then after a separate motion is filed or the court gives notice and a reasonable opportunity to respond, it may award just damages and single or double costs to the appellee." Fed. R. Bankr. P. 8020(a); *see* Fed. R. App. P. 38. As there is no separate motion for fees pending at this time, the undersigned finds that this request is not properly before the Court.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).