**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| In re Gertrude Coretta Fennell Hamilton, | ) | |
| | ) | |
| Debtor, | ) | Civil Action No.: 2:24-5918-RMG |
| _____ | ) | |
| | ) | |
| Gertrude Coretta Fennell Hamilton, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| U.S. Bank National Association as | ) | |
| Legal Title Trustee for RMTP Trust, | ) | |
| Series 2021 BKM-TT-V, *et al.*, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

This matter is an appeal from the United States Bankruptcy Court for the District of South Carolina. Appellant, proceeding *pro se*, appeals two orders entered in her Chapter 13 Bankruptcy case. For the reasons stated below, the Court affirms said orders and dismisses this appeal.

**I.    Background**

This appeal concerns two orders—the Bankruptcy Court's September 10, 2024, Order and it's September 30, 2024, Reconsideration Order. As recounted in the R&R, in the September 10 Order, the Bankruptcy Court entered an "Order Discharging Trustee and Closing Case." (Dkt. No. 33 at 5). The Bankruptcy Court subsequently denied Appellant's motion for reconsideration of the same.

Appellant appealed and on January 7, 2026, the Magistrate Judge filed an R&R recommending that the challenged orders be affirmed and the appeal dismissed. (Dkt. No. 33). Appellant filed objections to the R&R. (Dkt. No. 35).

## II.     Legal Standard

This Court has jurisdiction to hear appeals from final orders of the bankruptcy court. 28 U.S.C. § 158; *see, e.g.*, *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010) (noting district court's "capacity as a bankruptcy appellate court"). The standard of review of a bankruptcy appeal by a district court is the same as when a court of appeals reviews a district court proceeding. *See* 28 U.S.C. § 158(c)(2). Accordingly, the bankruptcy court's findings of fact are reviewed under a "clearly erroneous" standard. Fed. R. Bankr. P. 8013. A finding of fact is clearly erroneous when the entire record demonstrates convincingly to the reviewing court that "a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *United States v. Hall*, 664 F.3d 456, 462 (4th Cir. 2012). A bankruptcy court's conclusions of law are subject to *de novo* review. *In re Biondo*, 180 F.3d 126, 130 (4th Cir. 1999); *In re K & L Lakeland, Inc.*, 128 F.3d 203, 206 (4th Cir. 1997).

## III.     Discussion

After a careful review of the record and Appellant's objections to the R&R, the Court affirms both challenged orders. In the September 10th Order, the Bankruptcy Court correctly determined that Appellant's bankruptcy case was concluded given the Trustee had completed making distributions, had filed his final report and final account, and Appellant had not objected. (Dkt. No. 33 at 5, 11-13) (noting Fed. R. Bankr. P. 5009(a) provides that where, in a Chapter 13 case trustee has filed a final report and final account and has certified that estate has been fully

administered, and where no objection is filed with 30 days, "there shall be a presumption that the estate has been fully administered"); (*Id.*) (further noting 11 U.S.C. § 350 requires that "[a]fter an estate is fully administered and the court has discharged the trustee, the court **shall** close the case") (emphasis added). Plaintiff's objections are voluminous but ignore the above and thus do not show any clear error of law. *See, e.g.*, (Dkt. No. 35 at 3) (contending "the Court Appeals Clerk (N. Beaulieu) acted as part of a civil conspiracy scheme"); (*Id.* at 4) (alleging "PACER RECORDING SYSTEM was used as a corrupsion [sic] weapon against this Appalant [sic]. The HEADER section that's normal used for tracability [sic] was willfully and intentionally messed up, distorted, covered up, typed over, marked up . . . to confuse and hide court records"). Further, the Bankruptcy Court correctly determined that the requests raised in Appellant's objections to the third motion for relief from stay were not pertinent to said motion and rehashed issues already addressed by the Bankruptcy Court in separate orders—orders which Plaintiff had already appealed. (Dkt. No. 33 at 11-12). Appellant again has no cogent argument demonstrating how the R&R erred on these points.

Further, the R&R also correctly determined that the Reconsideration Order contained no clear error of law or fact and properly denied Plaintiff's motion for reconsideration. (Dkt. No. 33 at 14-16) (noting, for example, Appellant requested the Bankruptcy Judge's recusal but that presiding judges are not "required to recuse . . . simply because of unsupported, irrational or highly tenuous speculation"). Appellant again has no cogent objection to the R&R on this point. *See, e.g.*, (Dkt. No. 35 at 13-14) (arguing the "reason for a mortgage crisis is because of" certain orders below and that the Bankruptcy Court engaged in a "cover up" and "Hide & See" "deception"); (*Id.*

3

at 16) (arguing the September 10 Order is "white supremacy operating" and thus "should be VOID").

## IV. <u>Conclusion</u>

For the foregoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 33) as the order of the Court and **DISMISSES** the instant appeal.

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

January 26, 2025
Charleston, South Carolina